MARION HALE ANTHONY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Anthony v. Commissioner
Docket No. 2360-91
United States Tax Court
T.C. Memo 1992-133; 1992 Tax Ct. Memo LEXIS 154; 63 T.C.M. (CCH) 2294; T.C.M. (RIA) 92133; March 5, 1992, Filed *154 Decision will be entered for respondent. For 1981 and 1982, petitioner and her former husband filed joint tax returns on which they claimed losses attributable to an investment in a computer-leasing activity. In a notice of deficiency addressed to petitioner only, respondent disallowed those losses and determined deficiencies in income tax and increased interest under sec. 6621(c), I.R.C. Petitioner here seeks to be relieved of liability pursuant to the innocent spouse provisions of sec. 6013(e), I.R.C.
Held: Petitioner has failed to meet her burden of proving that the losses claimed by her and her former husband were grossly erroneous within the meaning of sec. 6013(e)(1)(B), I.R.C.Held, further, petitioner is not entitled to be relieved of liability under sec. 6013(e), I.R.C.
Marion Hale Anthony, pro se. Agnes Gormley, for respondent. HALPERN
HALPERN
MEMORANDUM FINDINGS OF FACT AND OPINION HALPERN, Judge: Respondent determined deficiencies and an increased rate of interest for petitioner as follows: Increased Interest
Year
Deficiency
Sec. 6621(c)
1981
$ 34,073
120% of the interest
due on $ 31,951
1982
16,964
120% of the interest
due on $ 15,855
*155 The sole issue to be decided is whether petitioner has shown that she is entitled under section 6013(e), [1] as revised by the Tax Reform Act of 1984, Pub. L. 98-369, sec. 424(a), 98 Stat. 494, 801, to be relieved of liability for the deficiencies (and increased interest). FINDINGS OF FACT This case was tried in Baltimore, Maryland, on January 14, 1992. Petitioner presented no witnesses (other than herself), and her testimony consisted of a statement that she read into the record. Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated herein by this reference. Petitioner resided in Crownsville, Maryland, at the time the petition was filed. Petitioner filed joint returns for 1981 and 1982 with her then husband, George D. Hale III (Hale). Petitioner and *156 Hale are now divorced. On their joint returns for 1981 and 1982, petitioner and Hale claimed deductions for losses attributable to an investment in a computer-leasing activity (Paragon Leasing). Losses of $ 65,235 and $ 42,987 were claimed for 1981 and 1982, respectively. By notice of deficiency dated November 6, 1990, addressed only to petitioner, respondent determined the deficiencies and additions set forth above. The deficiencies result in substantial part from respondent's disallowance of the losses claimed from Paragon Leasing. Petitioner filed a petition reciting as error respondent's determination that she was responsible for the deficiencies and increased interest set forth in the notice. Petitioner alleged that she was an innocent spouse, to be relieved of liability under section 6013(e). During the years in issue, petitioner was approximately 30 years old and cared for a small child. She had no job outside her home and was prohibited from working by her husband. Her husband took care of all household finances, paying her only an allowance for household expenses. Her husband never discussed finances with her. He would not let her read the joint income tax returns *157 that she signed. She had no idea of either the income reported or the deductions claimed on those returns. Respondent called no witnesses. Hale is not a party to the present proceedings because he has settled with respondent for the tax years in question. Based on an evaluation of Paragon Leasing, respondent offered investors in Paragon Leasing, including Hale, a settlement based on the allowance of out-of-pocket expenses. Hale accepted that offer and entered into a compromise agreement with respondent, which provided that Hale would accept deficiencies and additions to tax in amounts less than initially determined by respondent. OPINION Section 6013(e), as amended by the Tax Reform Act of 1984, Pub. L. 98-369, sec. 424(a), 98 Stat. 494, 801, applicable to all pending cases, provides in part: (e) Spouse relieved of liability in certain cases (1) In general Under regulations prescribed by the Secretary, if -- (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or *158 she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement.
then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement. (2) Grossly erroneous items. For purposes of this subsection, the term "grossly erroneous items" means, with respect to any spouse -- (A) any item of gross income attributable to such spouse which is omitted from gross income, and (B) any claim of a deduction, credit, or basis by such spouse in an amount for which there is no basis in fact or law.
Petitioner has the burden of proving that she is entitled to relief under that section. Rule 142(a). Initially, petitioner must show, for each year for which she requests relief under section 6013(e), "a substantial understatement of tax attributable to grossly erroneous items of one spouse". Sec. 6013(e)(1)(B). *159 Unless she overcomes that obstacle, we cannot grant the relief she requests, no matter how "innocent" her conduct has been. Petitioner has not presented any evidence from which we can conclude that the disallowed Paragon Leasing losses were "grossly erroneous items". [2] We cannot reach that conclusion merely because those losses were disallowed by respondent. Respondent's statutory notice explains the disallowance of the Paragon Leasing losses as follows: It is determined that expenses reported on Schedule C in tax years 1981 and 1982 in connection with your computer leasing activity through Paragon Leasing were not incurred in an activity entered into for profit. Therefore, under Section 183 of the Internal Revenue Code, expenses are deductible only to the extent of income. The losses reported on your returns in 1981 and 1982 in the amount of $ 65,235 and $ 42,987, respectively, are not allowable, and your taxable income is increased accordingly.
*160 We cannot conclude from that explanation that the Paragon Leasing deductions were grossly erroneous. The legislative history of section 6013(e)(2)(B), which defines grossly erroneous items as including any claim of a deduction for which there is no basis in fact or law, indicates that a deduction has no basis in law when the expense, even if incurred, does not qualify as a deductible expense under well-settled legal principles or when no substantial legal argument can be made to support its deductibility. Douglas v. Commissioner, 86 T.C. 758, 762-763 (1986) (citing H. Rept. 98-432 (Part 2), at 1502 (1984)). In Douglas, we stated: "Ordinarily, a deduction having no basis in fact or in law can be described as frivolous, fraudulent, or, to use the word of the committee report, phoney." Douglas v. Commissioner, supra at 763. Moreover, in Douglas, we concluded that "it simply does not follow that because deductions lacking in a factual or legal basis will be disallowed, all deductions which are disallowed lack a factual or legal basis. Petitioner may not rely on the disallowance * * * to prove a lack of basis in fact or law." *161 Id. (citations omitted). See also Russo v. Commissioner, 98 T.C.     (1992). Simply put, petitioner has provided nothing that would allow us to conclude that she has carried her burden of proof. Indeed, respondent's offer of a compromise settlement to investors in Paragon Leasing suggests that the deductions in question were less than grossly erroneous. See Neary v. Commissioner, T.C. Memo. 1985-261. Moreover, petitioner has not provided us with any details of the settlement, and we thus cannot draw any inferences from that settlement concerning whether the deductions at issue were grossly erroneous. Also, respondent's determination of an increased rate of interest under section 6621(c) does not necessarily indicate that the deductions claimed are grossly erroneous. Also, respondent's determination of an increased rate of interest under section 6621(c) does not necessarily indicate that the deductions claimed are grossly erroneous. Petitioner has not addressed respondent's grounds for determining an increased rate. From respondent's deficiency notice, however, we can deduce that the deductions were disallowed under section 183. See sec. 6621(c)(3)(B) *162 (regulatory authority to specify additional transactions subject to section 6621(c)); sec. 301.6621-2T, Q. & A.4, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 50392 (Dec. 28, 1984) (transactions for which deductions disallowed under section 183 subject to section 6621(c)). We see no basis for concluding that a disallowance of deductions under section 183, because a transaction is not engaged in for profit, necessarily leads to the conclusion that the deductions in question had no basis in fact or law. See Russo v. Commissioner, supra; Douglas v. Commissioner, supra.
At trial, petitioner cited several cases. Each, however, is distinguishable. See Shapiro v. Commissioner, T.C. Memo. 1988-350 (only issue considered is whether petitioner knew or had reason to know of the substantial understatement of tax); Bouskos v. Commissioner, T.C. Memo. 1987-574 (the facts giving rise to the losses at issue had been the subject of a previous, detailed analysis by the Court and, on the basis of that analysis, the deductions were found to be grossly erroneous); Guth v. Commissioner, T.C. Memo. 1987-522 *163 (respondent conceded that deductions in question were grossly erroneous), affd. 897 F.2d 441 (9th Cir. 1990). In conclusion, we repeat below our words from Neary v. Commissioner, supra, a case involving somewhat similar facts, as to petitioner's obligation to satisfy her burden of proof: We recognize that it may be difficult for a spouse who did not actively participate in the original transaction and who subsequently separated from the investor spouse to obtain information concerning an investment. Opportunities for discovery are available under our Rules, however, and under these circumstances informal discovery should have been available from respondent. See Rules 70 through 75, Tax Court Rules of Practice and Procedure; Branerton Corp. v. Commissioner, 61 T.C. 691 (1974). Certainly taxpayers seeking to be relieved of liability must do more than was done here. Nothing in the Tax Reform Act of 1984 changes the principle that: Congress still regards joint and several liability as an important adjunct to the privilege of filing joint returns, and that if there is to be any relaxation of that rule the taxpayer *164 must comply with the carefully detailed conditions set forth in section 6013(e). * * * [Sonnenborn v. Commissioner, 57 T.C. at 381.]
It is unreasonable for petitioner to seek special relief from the Court without taking the minimal steps necessary to secure evidence on which the Court may make a determination. In this instance, such evidence is that which would establish that there was no basis in fact or law for the deductions and credits claimed on the joint return for 1975. See section 6013(e)(2)(B), supra. Without such evidence, petitioner cannot prevail. Because of petitioner's failure to establish that the items in question were grossly erroneous, it is not necessary for us to determine whether she has satisfied the requirements of section 6013(e)(1)(C) or (D). [Fn. ref. omitted.]
For the foregoing reasons, Decision will be entered for respondent.
Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner does not allege, nor can we conclude, that other adjustments to the joint returns in question constitute grossly erroneous items. In addition to disallowing for the years at issue the Paragon Leasing losses, respondent disallowed certain employee business expenses for lack of substantiation and, for 1981, reduced a tax credit based on the percentage of automobile use allocated to business purposes. Such deductions, on their face, and from information contained in respondent's notice of deficiency, do not appear to be grossly erroneous.↩