ANDREW W. JUSTI AND JOAN JUSTI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Justi v. Commissioner
Docket No. 17013-89
United States Tax Court
T.C. Memo 1994-459; 1994 Tax Ct. Memo LEXIS 464; 68 T.C.M. (CCH) 717; September 14, 1994, Filed *464 Decision will be entered under Rule 155. For Andrew W. Justi, petitioner: Roger A. Pott. For respondent: Dale Zusi. WRIGHT
WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined deficiencies in and additions to petitioners' 1981, 1982, and 1983 Federal income tax as follows: Additions to Tax Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6661
1981
$ 8,177
[1] $ 4,089 -0-  -0- 1982
7,534
6,071
50% of the  $ 1,720
interest due  on $ 7,534  1983
14,844
13,439
50% of the  2,628
interest due  on $ 14,844  After settlement [1] the issues remaining for decision are: *465 (1) Whether petitioner [2] qualifies for relief under the innocent spouse provisions of section 6013(e). [3] We hold that he does not. (2) Whether petitioner is subject to additions to tax for fraud under section 6653(b) for taxable year 1981, and under section 6653(b)(1) and (2) for taxable years 1982 and 1983. We hold that he is not. (3) Whether petitioner is subject to additions to tax for a substantial understatement of income tax under section 6661 for taxable years 1982 and 1983. We hold that he is. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein. Petitioners resided in San Jose, California, at the time the petition was filed. Petitioners were married on June 28, 1980, and filed joint Federal income tax returns for 1981, 1982, and 1983. Petitioners first met in 1965. At that time, they were both employed by Food Machinery Corp. (FMC) *466 in the central engineering division. Petitioner worked for FMC until 1977. At the time of their marriage, petitioner was employed by Applied Materials earning an annual salary of $ 39,168; Mrs. Justi was employed by FMC as a private secretary earning an annual salary of $ 16,185. In addition to her secretarial duties, Mrs. Justi also organized employee activities for the central engineering group. The employee activities included parties, company picnics, and trips to various places. Mrs. Justi obtained the airline tickets for the trips; she also prepared the sites and ordered food for the picnics and parties. At the end of 1980, Mrs. Justi made a proposal to the FMC ordinance division to establish an employee activities department. In February 1981, the proposal was approved; in April 1981, Mrs. Justi was appointed as the director of the employee activities department with independent contractor status. As director of the employee activities department, her sole responsibility was to organize the employee activities previously discussed. Mrs. Justi received consulting fees from FMC and commissions from various vendors as compensation for her services. Petitioner and Mrs. *467 Justi often traveled with the FMC employees and attended FMC functions. From February 1981 through January 1983, petitioner traveled to Lake Tahoe, California, Palm Springs, California, New Orleans, Louisiana, Reno, Nevada, Honolulu, Hawaii, Santa Barbara, California, Acapulco, Mexico, Goleta, California, and Coronado Island, San Diego, California. The airline tickets were often paid for with travel credits received by Mrs. Justi from Dee Tours, a travel agency with which Mrs. Justi worked closely. The remaining expenses, such as hotel rooms and food, were generally paid by Mrs. Justi. Prior to their marriage, Mrs. Justi owned a home in San Jose, California. During their marriage, petitioner and Mrs. Justi resided together at the home in San Jose. The monthly mortgage payment on the residence was $ 540. In 1982, petitioner and Mrs. Justi purchased a new home in Saratoga, California, for a purchase price of $ 345,027. In connection with the purchase of their new home, petitioners obtained loans from Coast Federal Savings and Loan and Union Federal Savings and Loan and became obligated to make monthly payments to each in the amounts of $ 731 and $ 1,627.81, respectively. Petitioners *468 also obtained a loan from the seller of the home in the amount of $ 120,500 and agreed to make a monthly payment of $ 1,205 thereon. All three loans were secured by deeds of trust. Prior to the purchase of the new home, Mrs. Justi paid all the household bills, while petitioner paid for food and entertainment. After the purchase of the new home, petitioner gave all his paychecks to Mrs. Justi, and she paid all the bills and gave petitioner spending money. On October 12, 1984, FMC filed a complaint against Mrs. Justi in the Superior Court of the State of California, County of Santa Clara, for fraud, breach of contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, and an accounting. The lawsuit was settled prior to trial; as part of the settlement, the agreement thereto was placed under seal by the presiding judge. After the lawsuit by FMC was filed, petitioners filed amended tax returns for taxable years 1982 and 1983. Petitioners omitted income on their original joint income tax returns and on their amended returns, resulting in the following deficiencies: Tax Return
Omitted Income
Deficiency
1981 Form 1040
$ 16,909
$ 4,088
1982 Form 1040
19,951
8,660
1982 Form 1040X
7,951
4,062
1983 Form 1040
67,519
19,297
1983 Form 1040X
11,898
7,264
*469 The source of the omitted income was funds that Mrs. Justi diverted from FMC in her position as the director of the employee activities department. Mrs. Justi subsequently pled guilty to one count of tax evasion under section 7201 with respect to taxable year 1983; judgment was entered against her on November 19, 1988, in the U.S. District Court for the Northern District of California. Petitioner waived indictment, and on June 2, 1988, a criminal information was filed in the U.S. District Court for the Northern District of California with respect to him. On July 21, 1988, petitioner pled guilty to the single count in the information: willfully subscribing to a false amended income tax return under section 7206(1) for taxable year 1983. OPINION Issue 1. Innocent Spouse
A husband and wife who file a joint return are jointly and severally liable for the tax due. Sec. 6013(d)(3). An "innocent" spouse, however, is relieved of liability if he or she proves the following: (1) That a joint return has been made for a taxable year; (2) that on such return there is a substantial understatement of tax attributable to grossly erroneous items of the other spouse; (3) that he or *470 she did not know, and had no reason to know, of such substantial understatement when he or she signed the return; and (4) that after consideration of all the facts and circumstances, it would be inequitable to hold him or her liable for the deficiency in income tax attributable to such substantial understatement. Sec. 6013(e)(1), [4] as amended by the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 424(a), 98 Stat. 801-802; Purcell v. Commissioner, 86 T.C. 228, 235 (1986), affd. 826 F.2d 470 (6th Cir. 1987). Petitioner bears the burden of establishing that each of the four requirements of section 6013(e) has been satisfied. Purcell v. Commissioner, 826 F.2d at 473; Sonnenborn v. Commissioner, 57 T.C. 373, 381-383 (1971). *471 The requirements of section 6013(e) are conjunctive rather than alternative; a failure to meet any of the requirements prevents a spouse from qualifying for relief under section 6013(e). Cohen v. Commissioner, T.C. Memo. 1987-537; Estate of Killian v. Commissioner, T.C. Memo. 1987-365; Levin v. Commissioner, T.C. Memo. 1987-67. The parties agree that petitioner and Mrs. Justi filed joint returns for the taxable years in issue. The parties also agree, and we find that there is a substantial understatement of tax attributable to a grossly erroneous item of Mrs. Justi for the years in issue. The remaining requirements of section 6013(e), however, are disputed. Section 6013(e)(1)(C) -- Knowledge or Reason To Know
Petitioner must prove that in signing the returns he did not know, and had no reason to know, of Mrs. Justi's substantial understatement. The standard to be applied in determining whether a taxpayer "had reason to know" is whether a reasonably prudent person under the circumstances of the person claiming innocent spouse relief at the time of signing the return could be expected *472 to know that the tax liability was erroneous or that further investigation was warranted. Shea v. Commissioner, 780 F.2d 561, 566 (6th Cir. 1986), affg. in part, revg. in part and remanding T.C. Memo 1984-310; Sanders v. United States, 509 F.2d 162, 166-167 (5th Cir. 1975); Bokum v. Commissioner, 94 T.C. 126, 148 (1990), affd. 992 F.2d 1132 (11th Cir. 1993); Terzian v. Commissioner, 72 T.C. 1164, 1170 (1979). In determining whether the relief-seeking spouse had reason to know of the substantial understatement of tax, courts consider the following factors: (1) The relief-seeking spouse's level of education, (2) his or her involvement in the financial and business activities of the family, (3) any substantial unexplained increase in the family's standard of living, and (4) the culpable spouse's evasiveness and deceit about the family's finances. Price v. Commissioner, 887 F.2d 959, 965 (9th Cir. 1989), revg. an Oral Opinion of this Court. Nevertheless, the test is a subjective *473 one, and no single factor or set of factors is dispositive. See Guth v. Commissioner, 897 F.2d 441, 444 (9th Cir. 1990), affg. T.C. Memo. 1987-522. The issue is a factual question to be determined after a review of the entire record. Id. at 443-444; Park v. Commissioner, T.C. Memo. 1993-252, affd. 25 F.3d 1289 (5th Cir. 1994). Petitioner is an engineer and presumably a well-educated person. Although the record indicates that Mrs. Justi paid all the household bills, petitioner was aware of the amount of money required to support their lifestyle. Most importantly, petitioner's standard of living increased dramatically during the years at issue. Petitioner and Mrs. Justi purchased a new home for $ 345,027. As a result, their monthly mortgage payments increased from $ 540 to $ 3,563.81. [5] Additionally, petitioner purchased a new car and traveled frequently. The record also reveals that petitioner maintained an extensive wardrobe. *474 Further, petitioner testified that, after Mrs. Justi organized her first function for FMC as director of employee activities, she told petitioner that the caterer gave her $ 700 in cash to thank her for selecting him to cater the function. Petitioner claims that at the time he warned Mrs. Justi to report the item; however, he did not examine her books and records, nor did he take any further steps to insure that she was reporting all of her income. Petitioner also testified that following his warning, Mrs. Justi discontinued discussing her business with him. Petitioner has introduced no evidence that he was prevented from ascertaining the facts about any item on the return he signed. The "reason to know test" also establishes a duty of inquiry on the part of the spouse claiming relief under section 6013(e). Shea v. Commissioner, supra at 565. The joint returns for 1981, 1982, and 1983, as originally filed, reflect gross income and taxable income as follows: Gross Income
Taxable Income
1981
$ 23,808
$ 8,575
1982
50,126
27,551
1983
46,755
-0- Clearly, the amounts reported on the returns were insufficient to support the *475 lifestyle that petitioner and Mrs. Justi were living. We find that a reasonable person under petitioner's circumstances at the time he signed the returns should have realized that income was omitted from the returns and that further investigation was warranted. Id. at 565; Sanders v. United States, supra; Terzian v. Commissioner, supra at 1170. Accordingly, we find that petitioner had reason to know of the understatement when he signed the return; thus, he does not meet the requirement of section 6013(e)(1)(C). Section 6013(e)(1)(D) -- Inequitable
The final requirement for innocent spouse relief is that, given all the facts and circumstances, it would be inequitable to hold the spouse seeking relief liable for the deficiency attributable to the substantial understatement. Sec. 6013(e)(1)(D); sec. 1.6013-5(b), Income Tax Regs.Section 6013(e) as amended no longer requires us to determine whether a spouse significantly benefited from the erroneous item; however, this factor is still considered in determining whether it is inequitable to hold a spouse liable. Purcell v. Commissioner, 86 T.C. at 242; *476 Johnson v. Commissioner, T.C. Memo. 1993-227. Normal support is not a "significant benefit" for purposes of determining whether denial of innocent spouse relief would be inequitable under section 6013(e)(1)(D). Terzian v. Commissioner, supra at 1172; sec. 1.6013-5(b), Income Tax Regs. Normal support is measured by the circumstances of the parties. See Sanders v. Commissioner, supra at 168. Petitioner bears the burden of proving that he received no significant benefit from the understatements other than normal support, and this burden must be satisfied with specific facts regarding lifestyle expenditures, asset acquisitions, and dispositions of the benefits of the understatements. Estate of Krock v. Commissioner, 93 T.C. 672 (1989). Based on the record, we believe that it is not inequitable to hold petitioner liable for the deficiency because he, along with Mrs. Justi, received the joint and several benefits from the omitted income during the years at issue. Cf. Smith v. Commissioner, T.C. Memo. 1994-199; Cohen v. Commissioner, T.C. Memo. 1987-537. *477 Accordingly, we find that it is not inequitable to hold petitioner liable for the understatement. We therefore hold that petitioner has not met all the conjunctive requirements of section 6013(e), and he is not entitled to relief as an innocent spouse. Issue 2. Section 6653(b) Addition to Tax for Fraud
The next issue for decision is whether petitioner is liable for additions to tax for fraud for taxable year 1981 under section 6653(b), and taxable years 1982 and 1983 under section 6653(b)(1) and (2). For purposes of section 6653(b), fraud means "actual, intentional wrongdoing", Mitchell v. Commissioner, 118 F.2d 308, 310 (5th Cir. 1941), revg. 40 B.T.A. 424 (1939), or the intentional commission of an act or acts for the specific purpose of evading a tax believed to be owing, Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affg. T.C. Memo. 1966-81; McGee v. Commissioner, 61 T.C. 249, 256 (1973), affd. 519 F.2d 1121 (5th Cir. 1975). Respondent has the burden of proving fraud by clear and convincing *478 evidence. Sec. 7454(a); Rule 142(b); Castillo v. Commissioner, 84 T.C. 405, 408 (1985); Stone v. Commissioner, 56 T.C. 213, 220 (1971). Respondent must establish: (1) That petitioner has underpaid his taxes for each year, and (2) that some part of the underpayment was due to petitioner's intent to conceal, mislead, or otherwise prevent the collection of such taxes. Sec. 6653(c); Scallen v. Commissioner, 877 F.2d 1364, 1369 (8th Cir. 1989), affg. T.C. Memo. 1987-412; Parks v. Commissioner, 94 T.C. 654, 660-661 (1990); Hebrank v. Commissioner, 81 T.C. 640, 642 (1983). The Commissioner must show fraud resulting in an underpayment for each taxable year in which fraud has been determined. Otsuki v. Commissioner, 53 T.C. 96, 105 (1969). "The conscious purpose to defraud proscribed by the statute does not include negligence, carelessness, misunderstanding or unintentional understatement of income." United States v. Pechenik, 236 F.2d 844, 846 (3d Cir. 1956). *479 The parties have stipulated that the income tax returns for 1981, 1982, and 1983, as well as the amended returns for 1982 and 1983, contain underpayments of tax, and as we have found that petitioner is not entitled to innocent spouse relief under section 6013(e), petitioner has underpaid his taxes. Therefore, the only remaining issue is petitioner's fraudulent intent. Fraud is never presumed; it must be established by affirmative evidence. Beaver v. Commissioner, 55 T.C. 85, 92 (1970). Fraud, however, may be inferred from any conduct, the effect of which would be to mislead or conceal, Spies v. United States, 317 U.S. 492, 499 (1943), or otherwise prevent the collection of taxes, Korecky v. Commissioner, 781 F.2d 1566, 1568 (11th Cir. 1986), affg. T.C. Memo. 1985-63, or where an entire course of conduct establishes the necessary intent, Patton v. Commissioner, 799 F.2d 166, 171 (5th Cir. 1986), affg. T.C. Memo. 1985-148; Kotmair v. Commissioner, 86 T.C. 1253, 1260 (1986); *480 Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983); Stone v. Commissioner, supra at 224. Fraud is not imputed from one spouse to another. In the case of a joint tax return, respondent must prove fraud as to each spouse charged with liability for the addition to tax. Sec. 6653(b)(4); Hicks Co. v. Commissioner, 56 T.C. 982, 1030 (1971), affd. 470 F.2d 87 (1st Cir. 1972); Stone v. Commissioner, supra at 227-228. Respondent gives several arguments why the fraud addition applies to petitioner. Respondent's two most compelling arguments are that (1) there existed a 3-year pattern of underreporting of income and (2) petitioner pled guilty to willfully making and subscribing a false tax return under section 7206(1). With respect to the pattern of underreporting, while we have found that petitioner should have known of the omitted income, we do not believe that his activities during the years at issue constitute actual, intentional wrongdoing, or the intentional commission of acts for the specific purpose of evading a tax believed *481 to be owing. Acts which generally constitute the requisite intent to establish fraud include, for example, keeping a double set of books, making false entries or alterations, making false invoices or documents, or destruction of books or records, to name a few. Spies v. United States, supra. Petitioner has committed none of these acts. Although petitioner pled guilty to a violation of section 7206(1), he was not convicted of tax evasion. A conviction for willful falsification, under section 7206(1), is not tantamount to the fraudulent intent required under section 6653(b); it is merely one of the facts to consider. Wright v. Commissioner, 84 T.C. 636, 643-644 (1985); see also Wright v. Commissioner, T.C. Memo. 1992-699. Consequently, even though petitioner did willfully file a false return, we are not convinced that he intended to evade taxes known to be owing. Accordingly, we find that respondent has not proved by clear and convincing evidence that petitioner is liable for additions to tax under section 6653(b) for 1981, or under section 6653(b)(1) and (2) for 1982 and 1983. *482 Issue 3. Section 6661 Substantial Understatement Addition to Tax
Section 6661(a) provides for an addition to tax on underpayments attributable to a substantial understatement of income tax. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A). Petitioner had a substantial understatement for taxable years 1982 and 1983. The section 6661 addition to tax is not applicable, however, if there was substantial authority for the taxpayer's treatment of the item in issue or if the relevant facts relating to the tax treatment were adequately disclosed on the return. Petitioner has offered no evidence to prove that either of the above exceptions applies in the instant case. Accordingly, we find that petitioner is subject to the additions to tax under section 6661 for taxable years 1982 and 1983. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Sec. 6653(b)↩.
1. Prior to trial, petitioner Joan Justi and respondent filed a stipulation of settlement in which they agreed to the amount of the deficiency for each of the years at issue, additions to tax for fraud for each year, and additions to tax under sec. 6661↩ for taxable years 1982 and 1983, with respect to Joan Justi.
2. All references to petitioner in the singular are to Andrew W. Justi.↩
3. Unless otherwise indicated, all statutory references are to the Internal Revenue Code in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
4. The Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 424(a), 98 Stat. 801-802, amended sec. 6013(e)↩ retroactively to all years to which the Internal Revenue Code of 1954 applies.
5. ↩
Coast Federal Savings and Loan
$ 731.00
Union Federal Savings and Loan
1,627.81
Seller of home
1,205.00
Total  3,563.81