T.C. Memo. 2004-282

UNITED STATES TAX COURT

TIMOTHY R. BECHERER, Petitioner,
AND LESLEY LOUISE BECHERER, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1429-03.          Filed December 20, 2004.

Timothy R. Becherer, pro se.

<u>Ric D. Hulshoff</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined that petitioner did
not qualify for relief from joint and several liability pursuant
to section 6015(b), (c), or (f).[1]  The issue for decision is

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

whether petitioner is entitled to relief from joint and several income tax liability for 1996 pursuant to section 6015(b), (c), or (f).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed his petition, petitioner resided in Los Angeles, California.[2]

Petitioner and Lesley Louise Becherer (Ms. Becherer) married on February 23, 1994, and divorced on September 26, 1997.

Petitioner and Ms. Becherer filed a joint income tax return for 1996. In the notice of deficiency for 1996, respondent determined that petitioner and Ms. Becherer had five items of unreported income. The five items consisted of income from four employers and a distribution from the City of Clearwater. The distribution from the City of Clearwater was attributable to petitioner. The income received from one employer, Cenex Services, was attributable to petitioner. The income received from the remaining three employers, TTC Illinois, Trader Publications, and Pennysaver, was attributable to Ms. Becherer. Respondent determined a deficiency of $1,833 in petitioner's and Ms. Becherer's 1996 Federal income tax liability. Apart from the

_____

[2] At trial, respondent orally moved that intervenor be dismissed for lack of prosecution. That motion is denied by the Court.

claim by petitioner under section 6015, respondent's determinations contained in the notice of deficiency are not in dispute.

Petitioner knew of Ms. Becherer's employment with the three employers. Petitioner occasionally assisted Ms. Becherer in performing her employment duties for Trader Publications and Pennysaver.

When the 1996 Federal income tax return was prepared, petitioner was a sophomore or junior in college, and Ms. Becherer held a high school general equivalency diploma. Petitioner had an opportunity to review the 1996 Federal income tax return before the return was filed. Petitioner currently holds a degree in communications from the University of Miami and is employed as a video editor for E-Entertainment Network.

## Discussion

In general, spouses filing joint Federal income tax returns are jointly and severally liable for all taxes due. Sec. 6013(d)(3). Under certain circumstances, however, section 6015 provides relief from this general rule. Except as otherwise provided in section 6015, petitioner bears the burden of proof.[3]

---

[3] Petitioner does not contend that sec. 7491(a) is applicable to this case, nor is there evidence that the examination commenced after July 22, 1998. Also, we note that some documents in the record indicate that the examination began prior to July 22, 1998.

Rule 142(a); <u>Jonson v. Commissioner</u>, 118 T.C. 106, 113 (2002), affd. 353 F.3d 1181 (10th Cir. 2003).

I.  <u>Relief Under Section 6015(b)</u>

To qualify for relief from joint and several liability under section 6015(b)(1), a taxpayer must establish:

(A) a joint return has been made for a taxable year;

(B) on such return there is an understatement of tax attributable to erroneous items of 1 individual filing the joint return;

(C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement;

(D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and

(E) the other individual elects (in such form as the Secretary may prescribe) the benefits of this subsection not later than the date which is 2 years after the date the Secretary has begun collection activities with respect to the individual making the election * * *.

The requirements of section 6015(b)(1) are stated in the conjunctive.  Accordingly, a failure to meet any one of them is sufficient for us to find that petitioner does not qualify for relief pursuant to section 6015(b).  <u>Alt v. Commissioner</u>, 119 T.C. 306, 313 (2002).

Respondent contends that petitioner failed to meet the requirements of subparagraphs (B), (C), and (D).  Respondent concedes that petitioner meets the requirements of subparagraphs

(A) and (E).  For the sake of completeness, we shall discuss the application of 6015(b)(1)(B), (C), and (D).  See <u>Jonson v. Commissioner</u>, <u>supra</u> at 119.

A.    <u>Section 6015(b)(1)(B):  Attributable to One Spouse</u>

Section 6015(b)(1)(B) mandates that the understatement of tax be attributable to erroneous items of the nonrequesting spouse.  Five items were omitted from the 1996 return and petitioner concedes that two of the items, the distribution from the City of Clearwater and the income received from Cenex Services, are solely attributable to him.  Therefore, petitioner cannot qualify for section 6015(b) relief for the two items.

B.    <u>Section 6015(b)(1)(C):  Know or Reason To Know</u>

The requirement in section 6015(b)(1)(C), the no-knowledge-of-the-understatement requirement, is virtually identical to the requirement of former section 6013(e)(1)(C); therefore, cases interpreting former section 6013(e) remain instructive to our analysis.  <u>Jonson v. Commissioner</u>, <u>supra</u> at 115; <u>Butler v. Commissioner</u>, 114 T.C. 276, 283 (2000).

Venue for appeal of our decision would be to the U.S. Court of Appeals for the Ninth Circuit.  In omission of income cases under former section 6013(e)(1), this Court and the U.S. Court of Appeals for the Ninth Circuit have held that a spouse seeking relief knows of an understatement of tax if he or she knows or has reason to know of the transaction that gave rise to the

understatement.  See Guth v. Commissioner, 897 F.2d 441, 443-444 (9th Cir. 1990), affg. T.C. Memo. 1987-522; Cheshire v. Commissioner, 115 T.C. 183 (2000), affd. 282 F.3d 326 (5th Cir. 2002); Braden v. Commissioner, T.C. Memo. 2001-69.  Accordingly, in such circumstances, innocent spouse relief is denied.

Petitioner knew of Ms. Becherer's employment with TTC Illinois, Trader Publications, and Pennysaver.  Ms. Becherer's income from these employers was not included on the 1996 Federal income tax return.  We conclude that petitioner had reason to know of Ms. Becherer's understatement of income.  Therefore, petitioner does not satisfy the requirement of section 6015(b)(1)(C).

C.    Section 6015(b)(1)(D):  Inequitable To Hold Liable

The requirement in section 6015(b)(1)(D), that it be inequitable to hold the requesting spouse liable for an understatement on a joint return, is virtually identical to the requirement of former section 6013(e)(1)(D); therefore, cases interpreting former section 6013(e) remain instructive to our analysis.  Butler v. Commissioner, supra at 283.

Whether it is inequitable to hold a spouse liable for a deficiency is determined "taking into account all the facts and circumstances".  Sec. 6015(b)(1)(D).  The most often cited material factors to be considered are (1) whether there has been a significant benefit to the spouse claiming relief, and (2)

whether the failure to report the correct tax liability on the joint return results from concealment, overreaching, or any other wrongdoing on the part of the other spouse. Alt v. Commissioner, supra at 314; Jonson v. Commissioner, 118 T.C. at 119.

No such untoward circumstances are present in this case. There was no concealment on Ms. Becherer's part. Ms. Becherer never hid her employment from petitioner, and in fact petitioner helped Ms. Becherer perform some of her employment duties. Petitioner had the opportunity to review the 1996 Federal income tax return before it was filed.

A purpose of section 6015 relief "is to protect one spouse from the overreaching or dishonesty of the other." Purcell v. Commissioner, 826 F.2d 470, 475 (6th Cir. 1987), affg. 86 T.C. 228 (1986). The understatement of tax in this case is attributable to an omission of income from the employment activities of petitioner's former spouse. Petitioner had knowledge of Ms. Becherer's employment activities. Under these circumstances, we perceive no inequity in holding petitioner and Ms. Becherer to joint and several liability. Bokum v. Commissioner, 992 F.2d 1132, 1135 (11th Cir. 1993), affg. 94 T.C. 126 (1990); McCoy v. Commissioner, 57 T.C. 732, 735 (1972).

We conclude that holding petitioner liable for the deficiencies in tax for 1996 is not inequitable under section

6015(b).  Accordingly, petitioner is not entitled to relief pursuant to section 6015(b).

## II.  Relief Under Section 6015(c)

Section 6015(c) allows a taxpayer, who is eligible and so elects, to limit his or her liability to the portion of a deficiency that is properly allocable to the taxpayer as provided in section 6015(d).  Sec. 6015(c)(1).  Under section 6015(d)(3)(A), generally, any item that gives rise to a deficiency on a joint return shall be allocated to the individuals filing the return in the same manner as it would have been allocated if the individuals had filed separate returns for the taxable year.  We consider whether petitioner's claim for relief is precluded by the "actual knowledge" provisions of section 6015(c)(3)(C).

Relief under section 6015(c) is not available if the Commissioner proves by a preponderance of the evidence that petitioner had actual knowledge of "any item giving rise to a deficiency."  Culver v. Commissioner, 116 T.C. 189, 194 (2001).  The knowledge standard for purposes of section 6015(c)(3)(C) is "an actual and clear awareness (as opposed to reason to know) of the existence of an item which gives rise to the deficiency (or portion thereof)."  Cheshire v. Commissioner, 115 T.C. at 195.  In omitted income cases, the electing spouse "must have an actual and clear awareness of the omitted income."  Id. at 204 n.2.

Petitioner knew of Ms. Becherer's employment with TTC Illinois, Trader Publications, and Pennysaver.  The three items of her income from such employment were omitted from the 1996 return.  Petitioner aided Ms. Becherer in performing her employment duties for Trader Publications and Pennysaver. Petitioner also knew of Ms. Becherer's employment with TTC Illinois.  Petitioner therefore had an actual and clear awareness of the existence of the items that gave rise to the deficiency. Consequently, relief under section 6015(c) is unavailable to petitioner.

III. <u>Relief Under Section 6015(f)</u>

Respondent argues that he did not abuse his discretion in denying petitioner equitable relief under section 6015(f). Respondent's denial of relief is reviewed under an abuse of discretion standard.  <u>Cheshire v. Commissioner</u>, 115 T.C. at 198; <u>Butler v. Commissioner</u>, 114 T.C. at 292.

Considering the facts and circumstances of this case, we held under section 6015(b)(1)(D) that it is not inequitable to hold petitioner liable for the deficiencies.  The language of section 6015(f)(1), "taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either)" does not differ significantly from the language of section 6015(b)(1)(D), "taking into account all the facts and

circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement".[4]  Butler v. Commissioner, supra at 291.  Further, the equitable factors we consider under section 6015(b)(1)(D) are the same equitable factors we consider under section 6015(f).[5]  As a result, we hold that respondent did not abuse his discretion in denying petitioner relief under section 6015(f) for the taxable year 1996.

On the basis of all the facts and circumstances, we conclude that respondent did not abuse his discretion in denying petitioner relief pursuant to section 6015(f).

---

[4]  Additionally, the language in both sections is similar to the language in former sec. 6013(e)(1)(D), "taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement".  Butler v. Commissioner, 114 T.C. 276, 291 (2000); see Mitchell v. Commissioner, 292 F.3d 800, 806 (D.C. Cir. 2002) ("Subsection (f) has no statutory antecedent as a stand alone provision, but has roots in the equity test of former subparagraph 6013(e)(1)(D) carried forward into subparagraph 6015(b)(1)(D)."), affg. T.C. Memo. 2000-332.

[5]  The Commissioner has announced a list of factors in Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. 447, 448, that the Commissioner will consider in deciding whether to grant equitable relief under sec. 6015(f).  The revenue procedure takes into account factors such as marital status, economic hardship, and significant benefit in determining whether relief will be granted under sec. 6015(f).  Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448.

To reflect the foregoing,

An appropriate order and decision will be entered.