T.C. Summary Opinion 2010-91


UNITED STATES TAX COURT


RONALD COLLIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12663-09S.                    Filed July 12, 2010.


Ronald Collis, pro se.

<u>Jeffrey A. Schlei</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

In a final notice of determination respondent denied petitioner's claim for section 6015 relief regarding joint and several liability arising from the 2006 joint Federal income tax return filed by petitioner and Christine Collis (Ms. Collis). According to that notice, petitioner was not eligible for relief under section 6015(b), (c), or (f). The issue for decision is whether petitioner is entitled to relief from joint and several liability under section 6015.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. Petitioner resided in the State of California when the petition was filed.

Petitioner pled guilty to nine counts of embezzlement and went to prison on January 7, 2007.[2] After petitioner went to prison, he and his then-wife, Ms. Collis, separated. While incarcerated and sometime before January 22, 2007, petitioner wrote Ms. Collis a letter that stated in part: "You can also file our tax return electronically and will have about $6,000 7-

_____

[2] The record includes the IRS Appeals Transmittal and Case Memo, which states that Ms. Collis learned at this time that this was not petitioner's first offense of embezzlement, a matter that petitioner did not deny upon cross-examination at trial.

10 days after filing." Petitioner told Ms. Collis to have the return prepared and where the tax information was located in their home.

Using all of the information received from petitioner, Ms. Collis filed a joint return on February 7, 2007, reporting $16,806 in wages and $151 of income tax withheld. The return failed to report the following amounts attributable to petitioner: Wages of $40,502; interest income of $76; and income tax withheld of $4,614. The return also failed to report wages of $658 attributable to Ms. Collis. Because the return did not report the additional income, petitioner and Ms. Collis qualified for an earned income credit and an additional child tax credit to which they would not have been entitled if the additional income had been reported. The return claimed a refund of $5,573.

When petitioner was released from custody in September 2007, he contacted the Internal Revenue Service (IRS) to inquire about the filing of his 2006 Federal income tax return. The IRS sent petitioner an account transcript indicating that the return had been filed and had reported $16,806 of income. Petitioner sent a letter to the IRS dated September 26, 2007, in which he stated that he did not sign the 2006 return and that the return underreported his income.[3]

---

[3] Although the letter refers to the 2007 Federal income tax return, the Court assumes that reference was to the 2006 Federal
(continued...)

On March 24, 2008, the IRS issued a notice of proposed changes. On May 16, 2008, petitioner submitted a Form 8857, Request for Innocent Spouse Relief. On his Form 8857 petitioner states that he holds a master's degree in business administration with a focus on accounting and has taught Federal taxation at the college level. Petitioner also testified at trial that he was a tax manager at a certified public accountant (C.P.A.) firm and had his own C.P.A. firm for 23 years.

In a notice of deficiency dated June 30, 2008, respondent determined that petitioner and Ms. Collis had unreported income and disallowed the earned income credit and the additional child tax credit. Petitioner did not file a petition in this Court in respect of the notice of deficiency, ostensibly because he was dealing at that time with the IRS' Innocent Spouse Division and Appeals Office.

Respondent issued a Final Appeals Determination (final determination) on March 19, 2009, denying petitioner's request for relief under section 6015(b), (c), and (f). The final determination denied petitioner's request on the basis that relief is not allowed on tax owed on petitioner's own income and petitioner did not show it would be unfair to hold him responsible. The evaluation of the Appeals Officer (AO) reveals

[3](...continued)
income tax return that was filed in 2007.

that petitioner stated in a conference call that he agreed to a joint return and that he knew Ms. Collis was having the return prepared. The AO therefore concluded that petitioner consented to the filing of a joint return. The IRS tax examiner who initially reviewed petitioner's request also found that petitioner intended to file a joint return. In addition, the tax examiner concluded that petitioner participated in the preparation of the return because he told Ms. Collis where to find the Forms W-2, Wage and Tax Statement, and other relevant tax documents.

At trial petitioner argued that the 2006 Federal income tax return filed on February 7, 2007, was not a joint return, but if it was a joint return that the deficiency should be allocated between himself and Ms. Collis.

Respondent contends that a joint return was filed and that petitioner is not entitled to relief under section 6015.

## Discussion

A predicate to relief under section 6015 is that a joint Federal income tax return was filed. Sec. 6015(a)(1), (b)(1)(A), (c)(1). Accordingly, if the Court should find that petitioner did not file a joint return, we would be required to deny petitioner's claim for relief under section 6015. Raymond v. Commissioner, 119 T.C. 191, 194-197 (2002).

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). In general, a joint return must be signed by both spouses. Sec. 1.6013-1(a)(2), Income Tax Regs. However, where both spouses intend to file a joint return, the failure of one spouse to sign the return will not preclude its treatment as a joint return. Estate of Campbell v. Commissioner, 56 T.C. 1, 12 (1971). This is so even when the purported signature of the nonsigning spouse is signed by another, provided the couple had the intent to file jointly. Heim v. Commissioner, 27 T.C. 270, 273-274 (1956), affd. 251 F.2d 44 (8th Cir. 1958); Magee v. Commissioner, T.C. Memo. 2005-263. Whether or not the nonsigning spouse intended to file a joint return is a question of fact. Estate of Campbell v. Commissioner, supra at 12; Federbush v. Commissioner, 34 T.C. 740, 755-758 (1960), affd. per curiam 325 F.2d 1 (2d Cir. 1963); Heim v. Commissioner, supra at 273.

Although petitioner did not sign the return that was filed on February 7, 2007, the facts indicate that petitioner intended to file a joint return with Ms. Collis. Petitioner sent a letter to Ms. Collis sometime before January 22, 2007, which letter stated that she could file the tax return electronically. In addition, petitioner directed Ms. Collis to have the return prepared and told her where the tax documents were located in their home. Therefore, we are satisfied that petitioner intended

to file, and thus did file, a joint Federal income tax return for 2006.

After electing to file a joint Federal income tax return, each spouse is jointly and severally liable for the entire tax due.  Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000).  If certain requirements are met, however, an individual may be relieved of joint and several liability under section 6015.  Except as otherwise provided in section 6015, the taxpayer bears the burden of proof to show his or her entitlement to relief.  Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

There are three types of relief available under section 6015.  In general, section 6015(b) provides full or apportioned relief from joint and several liability, section 6015(c) provides proportionate tax relief to divorced or separated taxpayers, and in certain circumstances section 6015(f) provides equitable relief from joint and several liability if relief is not available under subsection (b) or (c).

A.  Section 6015(b)

Under section 6015(b), a requesting spouse may be relieved of joint and several liability from an understatement of tax to the extent that the understatement was attributable to the nonrequesting spouse.  The understatement on petitioner's joint return for 2006 is almost entirely attributable to his unreported

income of $40,578.  With respect to the remaining unreported income of $658 attributable to Ms. Collis, petitioner must establish, inter alia, that he did not know and had no reason to know that there was an understatement.  See sec. 6015(b)(1)(C).

A spouse seeking relief knows of an understatement of tax if he or she knows or has reason to know of the transaction that gave rise to the understatement.  Guth v. Commissioner, 897 F.2d 441, 444 (9th Cir. 1990), affg. T.C. Memo. 1987-522; Cheshire v. Commissioner, 115 T.C. 183, 192-193 (2000), affd. 282 F.3d 326 (5th Cir. 2002).  Petitioner did not provide any evidence or testimony demonstrating that he did not know and had no reason to know of Ms. Collis' unreported income; thus, he has failed to satisfy section 6015(b)(1)(C).  Therefore, petitioner does not qualify for relief from joint and several liability under section 6015(b).

B.  Section 6015(c)

Under section 6015(c), if the requesting spouse is no longer married to, is legally separated from, or was not a member of the same household as the spouse with whom he filed the joint return for the 12-month period before the request was filed, the requesting spouse may elect to limit his liability for a deficiency to that portion of the liability which is properly allocable to him under section 6015(d).  At the time petitioner filed his request on May 16, 2008, he and Ms. Collis had not been

members of the same household since petitioner was incarcerated in January 2007.  Therefore, petitioner was eligible to elect relief under section 6015(c) when he filed his request.

Generally, items giving rise to a deficiency on a joint return are allocated between spouses as if separate returns had been filed.  Sec. 6015(d)(3)(A); see also sec. 1.6015-3(d)(2), Income Tax Regs.  Under the flush language of section 6015(a), any allocation under section 6015(d)(3) is made without regard to community property laws.  Charlton v. Commissioner, T.C. Memo. 2001-76.  Erroneous items of income are allocated to the spouse who was the source of the income.  Sec. 1.6015-3(d)(2)(iii), Income Tax Regs.  An erroneous item that would otherwise be allocated to the nonrequesting spouse is allocated to the requesting spouse to the extent that the requesting spouse received a tax benefit on the joint return.  Sec. 1.6015-3(d)(2)(i), Income Tax Regs.

Petitioner was the source of the unreported income of $40,578; because such income is allocable to him, petitioner is not entitled to section 6015(c) relief with respect to that income.  See sec. 1.6015-3(d)(2)(iii), Income Tax Regs.  The remaining unreported income of $658 was earned by Ms. Collis and is, thus, allocable to her.  See id.  Allocation of the earned income credit is not permitted because petitioner received a tax

benefit on the joint return from the erroneous item.  See sec. 1.6015-3(d)(2)(i), Income Tax Regs.

Although $658 of the unreported income is allocable to Ms. Collis, under section 6015(c)(3)(C) apportionment of the liability does not apply if the Commissioner "demonstrates that an individual making an election under this subsection had actual knowledge, at the time such individual signed the return, of any item giving rise to a deficiency (or portion thereof) which is not allocable to such individual".  This Court has defined actual knowledge as "an actual and clear awareness (as opposed to reason to know) of the existence of an item which gives rise to the deficiency (or portion thereof).  In the case of omitted income (such as the situation involved herein), the electing spouse must have an actual and clear awareness of the omitted income." Cheshire v. Commissioner, supra at 195.

When one spouse requests relief under section 6015(c), the burden of proving the spouse's actual knowledge of an item is on the Commissioner.  Sec. 6015(c)(3)(C).

Respondent has not presented any evidence demonstrating that petitioner had actual knowledge of the unreported income attributable to Ms. Collis.  See sec. 6015(c)(3)(C).  Therefore, petitioner is entitled to section 6015(c) relief with respect to the $658 of unreported income attributable to Ms. Collis.

C.  Section 6015(f)

Section 6015(f) permits relief from joint and several liability where "it is inequitable to hold the individual liable for any unpaid tax or a deficiency (or any portion of either)". Sec. 6015(f)(1).  We review de novo petitioner's entitlement to equitable relief under section 6015(f).  See Porter v. Commissioner, 132 T.C. 203, 210 (2009).

Pursuant to section 6015(f), the Commissioner has prescribed revenue procedure guidelines to help IRS employees determine whether a requesting spouse is entitled to relief from joint and several liability.  See Rev. Proc. 2003-61, 2003-2 C.B. 296, modifying and superseding Rev. Proc. 2000-15, 2000-1 C.B. 447. The Court consults these guidelines when reviewing the IRS' denial of relief.  See Washington v. Commissioner, 120 T.C. 137, 147-152 (2003).

According to Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. at 297-298, a requesting spouse must satisfy threshold conditions which include, inter alia, that the income tax liability from which the requesting spouse seeks relief be attributable to an item of the nonrequesting spouse, unless one of the enumerated exceptions applies.  The remaining portion of the liability from which petitioner was not relieved under section 6015(c) is attributable to petitioner.  In addition, none of the exceptions enumerated in the revenue procedure applies to petitioner.

Accordingly, petitioner is not entitled to relief from joint and several liability under section 6015(f).

Conclusion

We have considered all of the arguments made by the parties, and, to the extent that we have not specifically addressed them, we conclude that they are without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.