JANET J. COHEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cohen v. Commissioner
Docket No. 27689-83.
United States Tax Court
T.C. Memo 1987-537; 1987 Tax Ct. Memo LEXIS 529; 54 T.C.M. (CCH) 944; T.C.M. (RIA) 87537; October 20, 1987. Joseph Lapatin and Benjamin Lewis, for the petitioner. Marilyn Devin and John O. Kent, for the respondent. WELLS
MEMORANDUM FINDINGS OF FACT AND OPINION WELLS, Judge: Respondent determined a deficiency *530 in the 1976 Federal income tax liability of petitioner and her former husband in the amount of $ 4,586. The issue for our determination is whether petitioner qualifies for relief from liability for the deficiency as an "innocent spouse" under section 6013. [1]
FINDINGS OF FACT Some of the facts in the case have been stipulated and are so found. The stipulation of facts and the exhibits thereto are incorporated herein by reference. Petitioner resided in Scarsdale, New York, when the petition in this case was filed. Petitioner and Richard H. Cohen (hereinafter "Mr. Cohen") were married in 1970. They filed a joint Federal income tax return for 1976. Petitioner is a college graduate and, in 1976, earned $ 20,350 as a second grade teacher in the City of New York schools. Mr. Cohen has both a bachelors and a masters degree in business administration. He is a certified public accountant, and, in 1976, was in his first full year as a partner in the tax department of Peat, Marwick, *531 Mitchell and Co., [2] an international accounting firm. He earned $ 49,975 as his share of the partnership's income in 1976. Mr. Cohen prepared the tax returns for the couple, including the return for 1976. Both Mr. Cohen and petitioner signed the 1976 tax return. Petitioner and Mr. Cohen were divorced in 1982. After the divorce, petitioner remained in Scarsdale, New York, in the family house in which the couple also had resided during 1976. On June 28, 1983, respondent issued a statutory notice of deficiency to petitioner and Mr. Cohen at the Scarsdale address. Although petitioner, and not Mr. Cohen, resided at the Scarsdale address when respondent issued the notice of deficiency, petitioner informed Mr. Cohen of the notice and gave him a copy of it. Respondent's sole adjustment in the notice of deficiency was a disallowance of a loss of $ 9,672 flowing through to Mr. Cohen as a limited partner in a partnership known as Barker Company. Mr. Cohen had invested $ 3,000 to acquire his partnership interest. Mr. Cohen paid for the investment with a check drawn on an account in his name alone. [3] *532 The Barker Company was one of the Cal Am coal partnerships created and directed by Joseph Laird. In 1986 Joseph Laird was convicted of conspiracy to defraud the government and of filing false partnership returns. [4] The entire Cal Am coal program was a fraudulent scheme whereby Joseph Laird made false representations to the investors (including Mr. Cohen), concealed from them the illusory nature of the partnerships' purported transactions, and furnished the investors with the same false and misleading partnership returns that he filed with the Internal Revenue Service.
Neither Mr. Cohen nor petitioner has recovered any money from the investment in Barker Company. Mr. Cohen did not file *533 a petition to the Tax Court in response to the statutory notice issued by respondent. Respondent has made no assessment of the deficiency herein against Mr. Cohen. Petitioner does not contest respondent's disallowance of the Barker Company partnership loss, except to the extent respondent has failed to reduce the disallowance by the $ 3,000 invested by Mr. Cohen. OPINION In general, a husband and wife are jointly and severally liable for the amount of tax due when they file a joint return. Sec. 6013(d)(3). However, an "innocent spouse" is relieved from liability for tax to the extent that such liability is attributable to grossly erroneous items of the other spouse if the innocent spouse meets all the requirements of section 6013(e). Section 6013(e) in part provides: (e) SPOUSE RELIEVED OF LIABILITY IN CERTAIN CASES. -- (1) IN GENERAL. -- Under regulations prescribed by the Secretary, if -- (A) a joint return has been made under this section for a taxable year, (B) on such return *534 there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all of the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement, then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement. (2) GROSSLY ERRONEOUS ITEMS. -- For purposes of this subsection, the term "grossly erroneous items" means, with respect to any spouse -- * * * (B) any claim of a deduction, credit, or basis by such spouse in an amount for which there is no basis in fact or law. [5]
*535 The requirements of section 6013(e) are conjunctive rather than alternative; a failure to meet any of the requirements prevents a spouse from qualifying for relief under section 6013(e). [6]
Respondent, in his reply brief, concedes that petitioner meets the requirements of section 6013(e)(3) and (4), to wit, that there is a substantial understatement of tax and that the understatement exceeds the specified percentage of petitioner's income for the preadjustment year. Respondent, however, denies that petitioner meets all the other requirements of section 6013. Specifically, respondent asserts that (1) the understatement of tax is not attributable to a grossly erroneous item for which there was no basis in fact or law (sec. 6013(e)(1)(B) and (2)(B)); (2) petitioner had knowledge or reason to know of the understatement of tax (sec. 6013(e)(1)(C)); and (3) taking into account all the facts and circumstances, it would not be inequitable to hold petitioner *536 liable for the understatement of tax (sec. 6013(e)(1)(D)). Petitioner has the burden of proving that she meets all the requirements of section 6013(e). Lessinger v. Commissioner,85 T.C. 824, 838 (1985); Sonnenborn v. Commissioner,57 T.C. 373, 381-383 (1971); Rule 142(a). Petitioner argues that she did not know and had no reason to know that there was a substantial understatement. Although we accept petitioner's assertion that she did not know of the understatement, it is by no means clear that she had no reason to know of it. Petitioner testified that Mr. Cohen prepared the 1976 tax return, but she did not review it when she signed it because "My husband was a partner in one of the largest accounting firms in the world. His attitude was, if he couldn't prepare a proper return, no one else could. He said, don't bother me asking me, asking me questions, just sign it." Mr. Cohen, on the other hand, was called by respondent as a witness and testified that he prepared the returns for the couple from 1970 through 1977. He testified that petitioner *537 and he would go through a "ceremony" of signing the return every year. This ceremony would take some fifteen or twenty minutes and Mr. Cohen and petitioner would go through "item by item, presumably, on the return," according to Mr. Cohen. Regardless of whether Mr. Cohen actually showed petitioner the specific entry on the tax return for the Barker Company deduction, she signed the return under penalty of perjury. [7] Petitioner was a college graduate and should have realized her responsibility for reviewing the return she signed. Terzian v. Commissioner,72 T.C. 1164, 1171-1172 (1979). The deduction was plainly visible on the face of the return on Part III of Schedule E (Income or Losses from Partnerships, Estates or Trusts, Small Business Corporations). Petitioner has introduced no evidence that she was prevented from ascertaining the facts about any item on the return she signed. We believe that a reasonable person under petitioner's circumstances at the time she signed the return should have taken the time or effort to inquire, even if it would have meant pressing the issue with Mr. Cohen. Shea v. Commissioner,780 F.2d 561 (6th Cir. 1986), *538 affg. in part a Memorandum Opinion of this Court; Sanders v. United States,509 F.2d 162, 166-167 (5th Cir. 1975); Terzian v. Commissioner, supra at 1170. Since petitioner did not question Mr. Cohen about the deduction, we find that she has acquiesced to him in regard to the deduction. Section 6013(e) is designed to protect the innocent, not the intentionally ignorant. [8] Thus, even though petitioner had no business background and was married to an accountant, we do not think that her "ostrich imitation" was reasonable. See Clevenger v. Commissioner,826 F.2d 1379 (4th Cir. 1987), affg. a Memorandum Opinion of this Court. Therefore, we find that petitioner had reason to know of the facts in regard to the deduction for Barker Company, and she does not meet the requirement of section 6013(e)(1)(C). Petitioner also asserts that it would be inequitable *539 to hold her responsible for the understatement caused by the Barker Company deduction. Although Mr. Cohen owned the partnership interest in his name alone and paid the $ 3,000 investment out of his "secret" checking account, [9] the deduction was taken on their joint return and the decreased tax liability allowed more funds to be available for the household of Mr. Cohen and petitioner. Petitioner has not suggested that Mr. Cohen somehow took the tax savings from the Barker Company deduction and kept them from her. Petitioner seems to find an even greater inequity, however, in the fact that respondent now looks only to petitioner, not to Mr. Cohen, for the payment of the deficiency. Petitioner argues that it is inequitable to hold petitioner alone liable for the deficiency. The fact of the matter is that it is not inequitable to hold her liable for the deficiency relating to the Barker Company deduction, because she, along with Mr. *540 Cohen, received the joint and several benefits from the deduction when it was taken on their 1976 tax return. Granted, she is the only party before the Court on this matter of liability for the deficiency; however, petitioner has not shown that she has no right of contribution against Mr. Cohen for his share of the joint and several liability. For that matter, the Cohens' property settlement was not complete as of the date of trial, and the joint tax liability would be simply one more item to be divided if the settlement is not yet complete. Petitioner has offered no evidence that she is without any such recourse. In summary, we find that petitioner had reason to know of the facts of the Barker Company deduction, and that it is not inequitable to hold her liable for the understatement. As such, we need not comment upon whether the deduction was a grossly erroneous item, i.e., one having no basis in fact or law. We hold that petitioner has not met all the conjunctive requirements of section 6013(e), and she is not entitled to relief as an innocent spouse. In regard to the amount of deficiency which should be charged to petitioner, neither petitioner nor respondent has argued *541 or addressed the issue, except to the extent that petitioner, in one of the parties' stipulations, contests the disallowance of a deduction for the $ 3,000 actually paid. Petitioner has the burden of proving that she is entitled to any deduction. Interstate Transit Lines v. Commissioner,319 U.S. 590, 593 (1943); Rule 142. Since she has not shown us any authority under which any part of the deduction should be allowed, she has not met this burden.[10] Accordingly, Decision will be entered for respondent.
Footnotes
1. Unless otherwise stated, all Code and statutory references are to the Internal Revenue Code of 1954, as amended, and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. The amended petition identifies the firm as Peat, Marwick & Mitchell. ↩
3. Mr. Cohen's check was dated November 26, 1976, and was drawn to Dixie Natural Resources, Inc. as general partner for Berger Company, a limited partnership. The name of the partnership subsequently was changed to Barker Company by the time the partnership filed its Certificate of Limited Partnership with the state of California. For convenience, we shall refer to the partnership as Barker Company. ↩
4. See United States v. Crooks,804 F.2d 1441↩ (9th Cir. 1986). 5. Sec. 6013(e)↩ was amended by the Tax Reform Act of 1984 and applies retroactively to all open taxable years to which the Internal Revenue Codes of 1954 and 1939 apply. See Pub. L. 98-369, sec. 424, 98 Stat. 494, 801-802 (1984-3 C.B. (Vol. 1) 309-310); H. Rept. 98-432, (Pt. 2) 1501, 1503 (Mar. 5, 1984). 6. Estate of Killian v. Commissioner,T.C. Memo. 1987-365; Levin v. Commissioner,T.C. Memo. 1987-67↩. 7. Petitioner makes no assertion that her signature was a mistake or that she signed under duress or false pretenses. ↩
8. Dickey v. Commissioner,T.C. Memo. 1985-478↩. 9. Petitioner claims not to have known about the individual checking account from which Mr. Cohen paid the $ 3,000 until after they were divorced, and she was looking for records to contest respondent's determination and notice of deficiency. ↩
10. In her opening statement, petitioner requested that, in the event a deficiency were to be redetermined by the Court, the deficiency be reduced in accordance with the cash out-of-pocket settlement terms offered to her by respondent prior to litigation. Since the issue was not raised in the pleadings, nor were any statutory or factual arguments presented in support thereof, we regard the issue as conceded by petitioner. ↩