T.C. Summary Opinion 2002-137


UNITED STATES TAX COURT


IRWIN I. SKOLLER AND MARSHA SKOLLER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17225-99S.          Filed October 17, 2002.


Irwin I. Skoller, pro se.

<u>Sandy Freund</u>, Kevin Weber, Robert Sontz, Dan Kvarta, and

Gerard Campbell (specially recognized), for petitioner Marsha

Skoller.

<u>Robert W. Mopsick</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant

to the provisions of section 7463[1] of the Internal Revenue Code

---

[1] Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code for the year in issue, and Rule
references are to the Tax Court Rules of Practice and Procedure.

in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $5,804 in petitioners' 1994 Federal income tax and an accuracy-related penalty under section 6662(a) of $1,161.  The issues are (1) whether petitioners may claim a business bad debt deduction under section 166; (2) whether petitioners are liable for the accuracy-related penalty under section 6662(a); and (3) whether petitioner Marsha Skoller (Ms. Skoller) is entitled to relief from joint and several liability under section 6015.[2]  Petitioners resided in Freehold, New Jersey, at the time the petition was filed.

Petitioners married on September 2, 1963, and separated in May of 2000.  Petitioner Irwin I. Skoller (Mr. Skoller) is an attorney with an LL.M. in taxation from New York University School of Law.  Ms. Skoller has a high school diploma.  Since 1983, Mr. Skoller has operated a tax consulting and accounting business as a sole proprietor.  Ms. Skoller worked in Mr. Skoller's office part time as an administrative assistant.  In addition to providing general office assistance, her duties included reconciling the bank statements, making deposits, and

---

[2]  Respondent concedes that Ms. Skoller is eligible for separate tax liability under sec. 6015(c).  This issue remained for trial because Mr. Skoller objected.  See Corson v. Commissioner, 114 T.C. 354 (2000).

drafting checks at Mr. Skoller's direction. In 1994, Ms. Skoller left her employment at Mr. Skoller's office and started a typing business in her home.

In 1985, Mr. Skoller and Samuel L. Sachs formed Princeton Residential Associates Limited Partnership (PRA). PRA was a real estate venture in the business of purchasing residential real estate in East Windsor and West Windsor, New Jersey, for rental and resale. Mr. Skoller solicited clients from his tax practice to participate in the real estate venture.

In 1985 or early 1986, Mr. Skoller borrowed $60,000 to advance to PRA. Over the course of PRA's existence, the residential real estate market values in New Jersey declined. The values of PRA's homes fell below their purchase prices, and PRA did not have equity in its assets. As a result, no outside lenders would provide loans to PRA. In 1994, PRA sold its last house and apparently ceased doing business.

Mr. Skoller prepared petitioners' joint 1994 Federal income tax return. He reported the income and expenses from his tax practice on Schedule C, Profit or Loss from Business. On that Schedule C, petitioners claimed a $96,211 business bad debt deduction for amounts allegedly lent to PRA. The return also reflected wage income earned by Ms. Skoller, capital gains, a separate Schedule C from Ms. Skoller's typing service, and a Schedule E, Income or Loss From Partnerships & S Corporations,

reporting losses from partnerships other than PRA.  Ms. Skoller signed the return but did not examine or question it.

Petitioners appeared at trial pro se with respect to the business bad debt deduction and accuracy-related penalty issues.  However, Ms. Skoller retained counsel with respect to the section 6015 relief from joint and several liability issue.  After trial, notwithstanding the small tax case status, the Court directed the parties to file briefs.  See Rule 177(c).  Respondent filed a brief that addressed all of the issues.  Ms. Skoller filed a brief addressing only the section 6015 relief from joint and several liability.  Mr. Skoller did not file a brief.

### Discussion

The failure to discuss in brief an issue that was previously raised results in the abandonment of that issue.  See Calcutt v. Commissioner, 84 T.C. 716, 721 (1985).  Mr. Skoller is an attorney and surely understood the importance of complying with directives from the Court.  Thus, we deem that petitioners have abandoned the business bad debt deduction and section 6662(a) accuracy-related penalty issues.[3]  Additionally, we deem that Mr.

_____

[3]  We note, however, that it is clear that, to the extent Mr. Skoller advanced funds to PRA (an issue that we need not decide), the advance was a contribution to capital and not a bona fide debt.  "A * * * contribution to capital shall not be considered a debt for purposes of section 166."  Sec. 1.166-1(c), Income Tax Regs.  Mr. Skoller testified that "the money was given to Princeton Residential Associates.  It was part of my capital contribution at that time."  Furthermore, it appears that PRA may

(continued...)

Skoller has abandoned his opposition to granting relief from joint and several liability to Ms. Skoller. Because respondent concedes that Ms. Skoller is eligible for separate tax liability under section 6015(c), the only issue remaining is whether Ms. Skoller is entitled to relief under section 6015(b) or (f).

A requesting spouse may elect relief from joint and several liability under section 6015.[4] There are three types of relief available: (1) Section 6015(b)(1) provides for full relief from joint and several liability; (2) section 6015(c) provides for separate tax liability available to divorced or separated taxpayers; and (3) section 6015(f) provides for equitable relief

---

[3](...continued)
have suffered losses over its duration, and there was no showing that Mr. Skoller had any basis in his interest in PRA by 1994 to allow a deduction for an operating loss during 1994. See secs. 702, 704(d).

With respect to the sec. 6662(a) accuracy-related penalty, Mr. Skoller never addressed this issue at trial. An attorney specializing in taxation law is held to a higher standard of care. Tippin v. Commissioner, 104 T.C. 518, 534 (1995). Given that the evidence contradicting the characterization as a business bad debt was overwhelming, coupled with Mr. Skoller's tax experience, we find his conduct nothing but negligent. Mr. Skoller failed to keep adequate records to substantiate the alleged $96,211 business bad debt deduction. He surely knew of the importance of maintaining adequate records in support of a position taken on a Federal income tax return. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

[4] Sec. 6015 applies to any liability for tax arising before July 22, 1998, but remaining unpaid as of that date. H. Conf. Rept. 105-599, at 255 (1998), 1998-3 C.B. 747, 1009. Ms. Skoller's liability for tax arose in 1994 and remains unpaid.

from joint and several liability if section 6015(b) and (c) is unavailable.

Section 6015(b) provides in part:

SEC. 6015.   RELIEF FROM JOINT AND SEVERAL LIABILITY ON JOINT RETURN.

(b) Procedures for Relief From Liability Applicable to All Joint Filers.--

(1) In general.--Under procedures prescribed by the Secretary, if--

(A) a joint return has been made for a taxable year;

(B) on such return there is an understatement of tax attributable to erroneous items of one individual filing the joint return;

(C) the other individual filing the joint return establishes that in signing the return he or <u>she did not know, and had no reason to know</u>, that there was such understatement;

(D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and

(E) the other individual elects (in such form as the Secretary may prescribe) the benefits of this subsection not later than the date which is 2 years after the date the Secretary has begun collection activities with respect to the individual making the election,

then the other individual shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such understatement. [Emphasis added.]

These requirements are expressed in the conjunctive, and thus, a requesting spouse must satisfy all requirements of section 6015(b)(1). Subparagraphs (A), (B), and (E) are not in dispute. The parties disagree only as to whether Ms. Skoller satisfies the requirements of subparagraphs (C) and (D).

Subparagraph (C) requires that the requesting spouse "not know, and [have] no reason to know, that there was [an] understatement" of tax. Sec. 6015(b)(1)(C). There are two aspects of section 6015(b)(1)(C).[5] First, "where a spouse seeking relief has actual knowledge of the underlying transaction * * * innocent spouse relief is denied." Cheshire v. Commissioner, 115 T.C. 183, 192-193 (2000), affd. 282 F.3d 326 (5th Cir. 2002). For purposes here, we are willing to assume that Ms. Skoller did not have actual knowledge of the underlying transaction.

Nonetheless, she must still satisfy the second prong of section 6015(b)(1)(C). A requesting spouse has reason to know of

_____

[5] As part of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201(a), 112 Stat. 734, Congress repealed sec. 6013(e) and enacted sec. 6015(b). The language of sec. 6015(b)(1)(C) is similar to the language in former sec. 6013(e)(1)(C). Both provisions require that the requesting spouse "did not know, and had no reason to know" that there was an understatement of tax. H. Conf. Rept. 105-599, supra at 249, 1998-3 C.B. at 1003. Accordingly, the caselaw interpreting the language under sec. 6013(e) will be applied in interpreting the same language under sec. 6015(b). Butler v. Commissioner, 114 T.C. 276, 283 (2000).

an understatement if "a reasonably prudent person with knowledge of the facts possessed by the person claiming * * * [relief] should have been alerted to the possibility of a substantial understatement." Flynn v. Commissioner, 93 T.C. 355, 365 (1989). Furthermore, a "spouse seeking relief has a 'duty of inquiry'." Butler v. Commissioner, 114 T.C. 276, 284 (2000) (quoting Stevens v. Commissioner, 872 F.2d 1499, 1505 (11th Cir. 1989), affg. T.C. Memo. 1988-63).

Respondent argues that Ms. Skoller was put on notice regarding petitioners' claimed $96,211 business bad debt deduction. We agree. "[A] spouse cannot obtain the benefits of section * * * [6015] by simply turning a blind eye to--by preferring not to know of--facts fully disclosed on the return, of such a large nature as would reasonably put such spouse on notice that further inquiry would need to be made." Levin v. Commissioner, T.C. Memo. 1987-67; see also Cohen v. Commissioner, T.C. Memo. 1987-537.

A reasonably prudent taxpayer should have been alerted to the possibility of an understatement on petitioners' 1994 Federal income tax return. On page 1 of Form 1040, U.S. Individual Income Tax Return, petitioners, inter alia, reported $5,052 of income from Ms. Skoller's wages, a capital gain of $9,734, and an alleged $69,788 loss from Mr. Skoller's business. On page 2 of Form 1040 (the page Ms. Skoller signed), petitioners reported

zero taxable income.  Given the nature of Mr. Skoller's business, such a large operating loss would be unusual.  A reasonable taxpayer in Ms. Skoller's situation would further inquire into the explanation behind the claimed loss.  Ms. Skoller knew that Mr. Skoller operated a professional business and that petitioners held numerous partnership investments, but, as far as we can tell, the two were not interrelated.  With those sources of income, a reasonably prudent taxpayer would be suspicious of reporting no taxable income.

In a remarkably similar situation, where the nonrequesting spouse was an accountant and prepared the joint return, we observed that the antecedent of section 6015(b)(1) "is designed to protect the innocent, not the intentionally ignorant.  Thus, even though petitioner had no business background and was married to an accountant, we do not think that her 'ostrich imitation' was reasonable."  Cohen v. Commissioner, supra (fn. ref. omitted.)

Consequently, we find that Ms. Skoller had reason to know of the understatement of tax under section 6015(b)(1)(C) and is not entitled to relief under section 6015(b)(1).

However, as already stated, respondent concedes that Ms. Skoller is entitled to relief under section 6015(c).  While Mr. Skoller originally opposed that relief, he abandoned that position by not filing a brief.  In accordance with the positions

of the parties, we hold that Ms. Skoller is entitled to separate tax liability under section 6015(c).[6]

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[6] We need not rule on Ms. Skoller's claim for relief under sec. 6015(f).  Sec. 6015(f) is available only if "relief is not available * * * under subsection (b) or (c)."  Sec. 6015(f)(2).