T.C. Summary Opinion 2004-37


UNITED STATES TAX COURT


KATHLEEN E. GILLIAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5717-03S.              Filed March 24, 2004.


Kathleen E. Gilliam, pro se.

<u>Steven M. Webster</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.  Unless otherwise
indicated, all section references are to the Internal Revenue
Code in effect for the taxable year in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 2000 of $668. The issues for decision are: (1) Whether petitioner is entitled to relief under section 6015(b) or (c); and (2) whether respondent abused his discretion in denying petitioner's request for relief from joint and several liability under section 6015(f).

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Lexington, North Carolina, at the time she filed the petition herein.

Petitioner was married to Max Gilliam in 1992. In July 2000, Mr. Gilliam and petitioner separated. Petitioner remained in the marital residence until sometime in 2001. Sometime in 2002 Mr. Gilliam and petitioner were divorced.

During the taxable year 2000, Mr. Gilliam received wages of $18,034, and petitioner received wages from three separate employers totaling $4,464. Petitioner filed a joint Federal income tax return with Mr. Gilliam for the taxable year 2000 sometime in January 2001. The joint return was prepared by Mr. Gilliam and signed by both petitioner and Mr. Gilliam. The return reported wage income of $18,034. Attached to the return were four Forms W-2, Wage and Tax Statement. One of the Forms W-2, reflecting wages of $18,034, was issued to Mr. Gilliam. The

other three Forms W-2, reflecting total wages of $4,464, were issued to petitioner.

The Form W-2 issued to Mr. Gilliam reflects withholding of $1,077. The three Forms W-2 issued to petitioner reflect zero withholding. The Federal income tax return for 2000 reflected a refund of $1,077. Petitioner and Mr. Gilliam received the refund check and divided the proceeds.

After the separation and divorce, petitioner earned small amounts of income from wages. Petitioner has experienced economic hardship since her separation and divorce.

Respondent determined in a notice of deficiency that petitioner and Mr. Gilliam omitted $4,464 in wage income from their jointly filed 2000 Federal income tax return. In her petition, petitioner does not dispute the omitted income but rather asserts that she is entitled to relief under section 6015 because she did not prepare the return and did not know that her wage income was omitted from the return.

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due. Sec. 6013(d)(3). A spouse may seek relief from joint and several liability under section 6015. A spouse may qualify for relief from liability under section 6015(b), or if

eligible, may allocate liability under section 6015(c).  In addition, if relief is not available under section 6015(b) or (c), an individual may seek equitable relief under section 6015(f).  Fernandez v. Commissioner, 114 T.C. 324, 329-331 (2000); Butler v. Commissioner, 114 T.C. 276, 287-292 (2000).

Except as otherwise provided in section 6015, petitioner bears the burden of proof.  Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002).

## 1.  Section 6015(b)

Section 6015(b) provides relief from joint and several liability for tax (including interest, penalties, and other amounts) to the extent that such liability is attributable to an understatement of tax.  To be eligible for relief, the requesting spouse needs to satisfy the following five elements of section 6015(b)(1):

(A) A joint return has been made for a taxable year;

(B) on such return there is an understatement of tax attributable to erroneous items of one individual filing the joint return;

(C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such an understatement;

(D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the

deficiency in tax for the taxable year attributable to the understatement; and

(E) the other individual makes a valid election.

With respect to the last three elements, petitioner is not the "other individual" described in section 6015(b)(1). Petitioner received wages from three separate employers but did not report those wages on the joint return. There is no clear explanation why petitioner's income was omitted from the joint return. The only wages reported were those of Mr. Gilliam. Petitioner cannot be granted relief for understatements that are attributable to her own erroneous items. See Hopkins v. Commissioner, 121 T.C. 73, 77 (2003). We agree with respondent that petitioner is not entitled to relief under section 6015(b).

2. Section 6015(c)

Section 6015(c) allows a taxpayer who is eligible and so elects to limit his or her liability to the portion of a deficiency that is properly allocable to the taxpayer as provided in section 6015(d). Sec. 6015(c)(1). In the present case, the item giving rise to the deficiency is the income earned and received by petitioner that was not reported on the return. Thus, the entire deficiency is properly allocable to petitioner, and section 6015(c) is of no assistance to her. We agree with respondent that petitioner is not entitled to relief under section 6015(c).

3.  Section 6015(f)

Since petitioner is not entitled to relief under section 6015(b) or (c), we consider whether petitioner qualifies for relief under section 6015(f), after a trial de novo and using an abuse of discretion standard.  See Ewing v. Commissioner, 122 T.C. __ (2004); Fernandez v. Commissioner, supra at 328-329; Butler v. Commissioner, supra at 287-292.  Petitioner bears the burden of proving that respondent's denial of equitable relief under section 6015(f) was an abuse of discretion.  See Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002). Petitioner must demonstrate that respondent exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law.  See Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

As directed by section 6015(f), the Commissioner has prescribed procedures for determining whether a spouse qualifies for relief under subsection (f).  The applicable provisions are found in Rev. Proc. 2000-15, 2000-1 C.B. 447.[1]  We have upheld

---

[1]  This revenue procedure was superseded by Rev. Proc. 2003-61, 2003-32 I.R.B. 296, which is effective either for requests for relief filed on or after Nov. 1, 2003, or for requests for relief pending on Nov. 1, 2003, for which no preliminary determination letter has been issued as of Nov. 1, 2003.  Id. sec. 7, 2003-32 I.R.B. at 299.

the procedures in reviewing a determination.  Washington v. Commissioner, 120 T.C. 137, 147-152 (2003).

Rev. Proc. 2000-15, sec. 4.01, 2000-1 C.B. at 448, provides seven threshold conditions that must be satisfied before the Commissioner will consider a request for equitable relief under section 6015(f).  Respondent does not raise any argument with respect to these seven threshold conditions, and therefore, we presume that they have been satisfied and consider other provisions of the revenue procedure.

Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448, sets forth positive and negative factors that are to be considered in determining whether to grant relief.  The revenue procedure makes clear that no single factor is to be determinative in any particular case, that all factors are to be considered and weighed appropriately, and that the list of factors is not intended to be exhaustive.

a. Factors Against Relief

We first review each of the following six factors weighing against relief, as listed under Rev. Proc. 2000-15, sec. 4.03(2), 2001-1 C.B. at 449.

i.  Attributable to Nonrequesting Spouse

The liability for which relief is sought is not solely attributable to petitioner.  This factor is squarely against petitioner.

ii.  Knowledge, or Reason To Know

Petitioner was aware of her income.  She claims to be unaware that her income was omitted from the joint return that her husband prepared.  The spouse seeking relief knows of an understatement of tax if she knows of the transaction that gave rise to the understatement.  Purcell v. Commissioner, 826 F.2d 470, 473-474 (6th Cir. 1987), affg. 86 T.C. 228 (1986).  A taxpayer seeking to prove that she had no knowledge or reason to know of an item giving rise to the understatement of tax must demonstrate that she has fulfilled a "duty of inquiry" with respect to determining that the correct tax liability was reported on the return.  Stevens v. Commissioner, 872 F.2d 1499, 1505 (11th Cir. 1989), affg. T.C. Memo. 1988-63; Butler v. Commissioner, 114 T.C. at 284; Cohen v. Commissioner, T.C. Memo. 1987-537.  Given that the return was rather straightforward, requiring only the reporting of wage income with petitioner's Forms W-2 attached, we find it difficult to believe that petitioner did not know or have reason to know that her wage income was not reported on the return.  This factor is also squarely against petitioner.

iii.  Significant Benefit

Petitioner benefited in that she received a portion of the refund which resulted from the withholding from Mr. Gilliam's wages.  The overpayment and ultimate refund would have been

reduced if petitioner's wages had been properly reported on the return.

### iv. Lack of Economic Hardship

It appears that petitioner does suffer from some economic hardship and no doubt will suffer further if she is not relieved of the liability. Her income in subsequent years appears to be minimal.

### v. Noncompliance With Federal Income Tax Laws

The requesting spouse must make a good faith effort to comply with Federal income tax laws in the tax years following the tax year or years to which the request for relief relates. In the present case, the record is silent on this issue.

### vi. Requesting Spouse's Legal Obligation

Petitioner did not have any legal obligation pursuant to a divorce decree to pay the liability.

### b. Factors In Favor of Relief

Counterbalancing the factors weighing against relief are the factors weighing in favor of relief. We next review each of the following six factors, as listed under Rev. Proc. 2000-15, sec. 4.03(1), to evaluate whether they serve as a makeweight for equitable relief under section 6015(f).

### i. Marital Status

Petitioner is separated and divorced from Mr. Gilliam.

ii.  Economic Hardship

As indicated above, petitioner may well suffer economic hardship if relief is not granted.

iii.  Abuse

There is nothing in the record indicating that petitioner was subject to abuse.

iv.  No Knowledge or Reason To Know

As indicated above, petitioner knew or should have known that her wages were not included on the tax return.

v.  Nonrequesting Spouse's Legal Obligation

There is nothing in the record indicating whether Mr. Gilliam, the nonrequesting spouse, had a legal obligation pursuant to the divorce decree or agreement to pay the outstanding tax liability.

vi.  Attributable to Requesting Spouse

As indicated above, the omitted item of income was that of petitioner.

Having considered the facts and circumstances in this case, especially in light of the factors in Rev. Proc. 2000-15, sec. 4.03, we conclude that petitioner is not entitled to relief under section 6015(f).  While some of the factors are neutral, many of the factors weigh against relief.  In particular, the omitted items of income and the understatement resulting therefrom are attributable to petitioner, rather than Mr. Gilliam.  In

addition, and as discussed above, petitioner had knowledge (actual or constructive) of the understatement of tax on the return. Accordingly, we conclude that respondent did not abuse his discretion in denying relief under section 6015(f).

<u>Conclusion</u>

We hold that petitioner is not entitled to relief under section 6015(b) or (c) and that respondent did not abuse his discretion in denying relief from joint and several liability under section 6015(f). We sustain respondent's determination of a deficiency in this case.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.