T.C. Summary Opinion 2006-104

UNITED STATES TAX COURT

SHIRLEY H. STARTZMAN, Petitioner,
AND LARRY G. EASLER, Intervenor v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2084-05S.              Filed July 13, 2006.

Shirley H. Startzman, pro se.

Larry G. Easler, pro se.

James R. Rich, for respondent.

WELLS, Judge:  This case was heard pursuant to the provisions of section 7463 in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  All section references are to the Internal Revenue Code, as amended,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent denied petitioner's request for section 6015 relief with respect to a $6,445 deficiency in income tax and a $929 section 6662 accuracy-related penalty assessed for petitioner and intervenor's taxable year 1997. The issue we must decide is whether petitioner is entitled to relief pursuant to section 6015(b), (c), or (f).

## Background

Some of the facts and certain exhibits have been stipulated. The parties' stipulations of fact are incorporated in this Summary Opinion by reference and are found as facts in the instant case. At the time of filing the petition, petitioner resided in Greenwood, South Carolina. Petitioner and intervenor (collectively referred to as the Easlers) were married on August 18, 1979. Petitioner has a general education development diploma and a certified nursing assistant's diploma. During taxable year 1997, petitioner worked as a retail manager at C.B. Mart, Inc. and Wal-Mart, Inc. Intervenor has taken a few college courses, including courses in government and economics. During taxable year 1997, Intervenor was employed as a sales clerk at Greenwood Mills, Inc. On their 1997 tax return, the Easlers reported $12,030.78 in wages earned by petitioner but omitted $29,506 in wages earned by intervenor. The $29,506 in omitted wages enabled

the Easlers to qualify for the earned income credit and receive a $4,080 tax refund. Petitioner and intervenor separated on June 16, 2000, and divorced on October 2, 2001.

On June 16, 2000, respondent sent the Easlers a notice of deficiency determining a $6,445 income tax deficiency and a $929 section 6662 accuracy-related penalty. Neither petitioner nor intervenor petitioned this Court in response to the notice of deficiency. Accordingly, the tax and penalty determined in the notice of deficiency, and an additional $1,291.89 of interest, were assessed against the Easlers.

On February 12, 2001, respondent applied petitioner's $2,730 overpayment from taxable year 2000 against the Easlers' 1997 tax liability. On March 4, 2002, respondent applied petitioner's $2,230 overpayment from taxable year 2001 against the Easlers' 1997 tax liability. Because respondent had previously applied two overpayments made by intervenor against the Easlers' 1997 tax liability, petitioner received a refund of $105.22.[1]

On February 12, 2003, petitioner filed her 2002 Federal income tax return along with Form 12507, Innocent Spouse Statement, on which she stated that her former spouse (intervenor) prepared their 1997 tax return, as he always had

---

[1]On Apr. 15, 2001, respondent applied intervenor's $1,944 overpayment from taxable year 2001 against the Easler's 1997 tax liability. On Sept. 10, 2001, respondent applied an additional $500 due to intervenor with respect to his taxable year 2001 against the Easlers' 1997 tax liability.

throughout their marriage, and that she was told where to sign and never looked at the return. On April 10, 2003, petitioner filed a questionnaire for taxpayers requesting section 6015 relief. In that questionnaire petitioner detailed her claim and requested a refund of her overpayments which were used to offset the Easlers' 1997 tax liability.

In a letter dated March 17, 2003, respondent's innocent spouse unit at the Cincinnati, Ohio, Service Center (innocent spouse unit) notified intervenor that petitioner had requested section 6015 relief with respect to taxable year 1997 and requested that intervenor complete and submit Form 12507, Innocent Spouse Statement, and Form 12508, Innocent Spouse Information Request. Intervenor submitted the completed requested forms by May 2, 2003. On Form 12508 he stated: That he and petitioner filled out their 1997 tax return together; that petitioner was fully aware of everything stated on, and omitted from, the return; that petitioner wanted to omit intervenor's wages from the return in order to obtain a larger refund; and that the divorce decree requires petitioner and intervenor to share equally their marital debt.[2]

In a letter dated October 21, 2003, respondent's innocent spouse unit notified petitioner that her claim for section 6015

---

[2]We do not address intervenor's contentions because we conclude, for reasons stated below, that petitioner is ineligible for relief regardless of intervenor's contentions and testimony.

relief was being disallowed because petitioner filed her claim more than 2 years after the first collection activity. Similarly, respondent's Appeals Office determined that petitioner's claim was untimely and, in a letter dated November 4, 2004, disallowed petitioner's request for section 6015 relief regarding taxable year 1997.

On January 31, 2005, petitioner timely filed a petition with this Court seeking a review of respondent's determination denying her request for section 6015 relief. Respondent's counsel determined that petitioner's request for section 6015 relief was timely and asked the innocent spouse unit to determine whether petitioner was entitled to relief. On August 12, 2005, respondent's innocent spouse unit determined that petitioner was not entitled to relief under section 6015(b), (c), or (f) because petitioner had actual knowledge of the omitted income giving rise to the deficiency and, by not reviewing the return, she did not satisfy her duty to inquire.

## Discussion

In general, spouses filing a joint return are jointly and severally liable for the accuracy of the return and for the full tax liability. Sec. 6013(d)(3). Section 6015(b), (c), and (f) provide exceptions to the general rule in certain circumstances. Section 6015 applies to liabilities arising after July 22, 1998, and to liabilities arising on or before July 22, 1998, that

remain unpaid as of July 22, 1998.  The tax liability in the instant case arose during 1997 but remained unpaid as of July 22, 1998.  Accordingly, section 6015 applies to the instant case. Washington v. Commissioner, 120 T.C. 137, 145 (2003).

Section 6015(b)(1) requires the Commissioner to grant relief from joint liability if the taxpayer satisfies the following requirements:  (a) The requesting spouse filed a joint return; (b) on the joint return there is an understatement of tax attributable to the erroneous items of one individual filing the joint return; (c) the requesting spouse establishes that, in signing the joint return, he or she did not know and had no reason to know that there was such understatement; (d) considering all the facts and circumstances, it is inequitable to hold the requesting spouse liable for the deficiency in tax attributable to such understatement; and (e) the requesting spouse files her request for relief no later than 2 years from the date the Secretary began collection activities against the requesting spouse.  A requesting spouse must satisfy all of these requirements to qualify for section 6015 relief.  Alt v. Commissioner, 119 T.C. 306, 313 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).  Except as otherwise provided in section 6015, the requesting spouse bears the burden of proving she satisfies each requirement of section 6015(b)(1).  See Rule 142(a); Alt v. Commissioner, supra at 311.

In the instant case, petitioner knew or had reason to know of the omitted item giving rise to the deficiency.  A requesting spouse has a duty of inquiry.  Butler v. Commissioner, 114 T.C. 276, 284 (2000).  A requesting spouse has reason to know of an understatement if a "reasonably prudent person with knowledge of the facts possessed by the person claiming * * * [relief] should have been alerted to the possibility of a substantial understatement."  Flynn v. Commissioner, 93 T.C. 355, 365 (1989).  There is no question that petitioner was aware intervenor was employed by Greenwood Mills throughout 1997.  The top line of page two of the Easlers' 1997 tax return shows an adjusted gross income of $12,030.78.  A few inches above where petitioner signed her name on page two, line 29a shows total tax withholdings from Forms W-2 of just $444.24.  Such circumstances should have alerted a reasonably prudent person that there was an understatement of tax.  Section 6015 relief was not intended for spouses who simply did not look at the amount of income reported on the return, unless it is clearly established that the spouse was forced under duress to sign the return without looking at it. Frederick v. Commissioner, T.C. Memo. 1981-602.  The record in the instant case does not support a conclusion that petitioner was forced to sign the return under duress.  Even though petitioner did not have a college degree or any business

background, we do not think her failure to inquire was reasonable.  Cohen v. Commissioner, T.C. Memo. 1987-537. Accordingly, petitioner is not entitled to relief under section 6015(b).

We do not need to engage in a lengthy discussion of whether petitioner qualifies for relief under section 6015(c) because the only relief she seeks is a refund.  Section 6015(g)(3) prohibits refunds under section 6015(c).  Accordingly, petitioner does not qualify for relief under section 6015(c).

The Commissioner has discretion, pursuant to section 6015(f), to grant relief from joint and several liability, where relief is not available under section 6015(b) or (c), if the facts and circumstances indicate that it would be inequitable to hold the requesting spouse liable for the deficiency.  This Court reviews the Commissioner's denial of relief pursuant to section 6015(f) under an abuse of discretion standard.  Butler v. Commissioner, 114 T.C. 276, 287-292 (2000).  We defer to respondent's determination unless it is arbitrary, capricious, or without sound basis in fact.  Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003). Petitioner bears the burden of proving that there was an abuse of discretion.  Abelein v. Commissioner, T.C. Memo. 2004-274.

Rev. Proc. 2000-15, 2000-1 C.B. 447,[3] provides factors that weigh in favor of, and against, granting relief.  Factors that favor granting relief include:  (1) Marital status; (2) economic hardship; (3) abuse; (4) no knowledge or reason to know of the item giving rise to the deficiency; (5) whether the nonrequesting spouse had a legal obligation to pay the deficiency; and (6) whether the item giving rise to the deficiency is attributable to the nonrequesting spouse.  Id. sec. 4.03, 2000-1 C.B. at 448-449.  Factors that weigh against granting relief include: (1) The item giving rise to the deficiency is attributable to the requesting spouse; (2) the requesting spouse knew or had reason to know of the item giving rise to the deficiency (an extremely strong factor); (3) the requesting spouse has benefited, beyond normal support, from the item giving rise to the deficiency; (4) the requesting spouse will not experience economic hardship if relief is not granted; (5) the requesting spouse has not made a good faith attempt to comply with the tax laws in subsequent years; and (6) the requesting spouse has a legal obligation to pay the liability.  Id. at 449.

---

[3]Rev. Proc. 2000-15, 2000-1 C.B. 447, applies to the instant case because the preliminary determination letter was issued on Oct. 21, 2003.  Rev. Proc. 2003-61, 2003-2 C.B. 296, which superseded Rev. Proc. 2000-15, supra, is effective for pending requests for sec. 6015 relief for which no preliminary determination letter was issued as of Nov. 1, 2003.

The record in the instant case does not demonstrate that it would be inequitable to deny petitioner relief.  Petitioner had knowledge of the item giving rise to the deficiency and failed to fulfill her duty of inquiry when she signed the return without any review.  Butler v. Commissioner, supra.  We do not believe petitioner's actions were reasonable under the circumstances.  Petitioner has also failed to prove that she will suffer economic hardship if relief is not granted.  See sec. 301.6343-1(b)(4), Proced. & Admin. Regs. (defining economic hardship as causing the taxpayer to be unable to pay his or her basic living expenses).  Accordingly, we conclude that it was not an abuse of discretion for respondent to deny petitioner relief under section 6015(f).  We have considered all of petitioner's contentions.  To the extent not addressed herein, those contentions are without merit or unnecessary to reach.

To reflect the foregoing,

Decision will be entered

for respondent.