T.C. Memo. 2010-270

UNITED STATES TAX COURT

JAMES J. & BONITA KRUSE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9894-08.              Filed December 9, 2010.

James J. and Bonita Kruse, pro sese.

<u>Anne M. Craig</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies in
petitioners' Federal income tax and penalties for 2003 and 2004.
Respondent also determined that petitioner Bonita Kruse
(petitioner) is not entitled to relief from joint and several
liability under section 6015 for 2003 and 2004.  After
concessions, the only issue for decision is whether respondent

erred in denying petitioner relief under section 6015. All section references are to the Internal Revenue Code.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time the petition was filed, petitioners resided in Florida.

Petitioners were married during all relevant times and claimed two children as dependents for 2003 and 2004. These children were born in 1982 and 1988. Petitioner James Kruse (Mr. Kruse) operated a lawn care business during the years in question. Petitioner did not substantially participate in the conduct of that business.

Beginning in 2001 and until 2008, petitioner lived in Oregon and Tennessee for health reasons, away from petitioners' home in Florida. While she lived out of State, petitioner earned her own wages but also regularly received money from her husband to supplement her income and pay living expenses. Mr. Kruse generally paid petitioner's rent, which was originally $410 per month but increased when she moved to a larger apartment. Mr. Kruse maintained and paid the bills associated with their Florida residence, where he continued to live with the two children they jointly claimed as dependents. Petitioner returned to Florida several times a year, and each year during one of those trips she would sign their joint Federal income tax return. When she

signed the returns Mr. Kruse's accountant prepared, she did not examine the contents closely; at most, she would glance at the pages and occasionally ask questions that her husband did not answer.

In 2003, petitioners reported an adjusted gross income of $20,598, including petitioner's wages of $17,859, and $6,045 in net profit from the lawn care business. In 2004, petitioners reported an adjusted gross income of $30,531, including petitioner's wages of $18,372, and $16,293 in net profit from the lawn care business.

Respondent examined petitioners' 2003 and 2004 tax returns and determined deficiencies in Federal income tax and penalties. In a February 4, 2008, notice of deficiency respondent determined deficiencies and penalties as follows:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|------------|----------------------|
| 2003 | $48,203.00 | $9,640.60 |
| 2004 | 61,629.60 | 12,325.92 |

The determined deficiencies arose from two types of improper items. First, petitioners claimed a dependency exemption deduction for one of their children who did not meet the statutory requirements. Second, petitioners claimed improper deductions relating to expenses from the lawn care business. Furthermore, as a result of the change in income after accounting for these erroneous items, petitioners were subject to

adjustments to their self-employment tax and corresponding deduction, child tax credit, retirement savings contribution credit, earned income tax credit (EIC), and additional child tax credit (ACTC).  Additional errors in petitioners' returns included the incorrect birth date for one of their children.

Petitioner submitted a Form 8857, Request for Innocent Spouse Relief, to the Internal Revenue Service (IRS).  Subsequently, Mr. Kruse and the IRS settled the deficiencies and penalties as follows:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 2003 | $20,925.00 | $4,185.00 |
| 2004 | 21,726.60 | 4,325.32 |

Petitioner has stipulated that she is jointly and severally liable for the amounts settled between Mr. Kruse and respondent to the extent that she is denied relief under section 6015.

A financial technician for the IRS reviewed petitioner's section 6015 case under the process described in Rev. Proc. 2003-61, 2003-2 C.B. 296, and ultimately denied her relief.  In reaching this conclusion, the technician attributed the dependency exemption deduction, EIC, and ACTC to both spouses; noted that petitioners remained married and lived together; and determined that petitioner would not suffer economic hardship as a result of being held liable.  The report further mentioned the absence of allegations of abuse or poor health.  Among the

factors the technician determined to be in petitioner's favor, but ultimately found insufficient to grant relief, were that petitioner did not receive any significant benefit from the improper items on the return, she had no actual knowledge of the erroneous items, and she has made a good faith effort to comply with the tax laws in later years.

OPINION

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse generally is jointly and severally liable for the entire tax due for that taxable year. Sec. 6013(d)(3). A spouse (requesting spouse) may, however, seek relief from joint and several liability by following procedures established in section 6015. Sec. 6015(a). A requesting spouse may request relief from liability under section 6015(b) or, if eligible, may allocate liability under section 6015(c). Sec. 6015(a). If relief is not available under section 6015(b) or (c), an individual may seek equitable relief under section 6015(f).

Section 6015(b) Analysis

Section 6015(b) provides, in pertinent part, as follows:

>      SEC. 6015(b). Procedures For Relief From
> Liability Applicable to All Joint Filers.--
>
>           (1) In general.--Under procedures prescribed
>      by the Secretary, if--
>
>                (A) a joint return has been made for a
>           taxable year;

(B) on such return there is an understatement of tax attributable to erroneous items of 1 individual filing the joint return;

(C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement;

(D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; * * *

* * * * * * *

then the other individual shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such understatement.

The requirements of section 6015(b)(1) are stated in the conjunctive. Accordingly, a failure to meet any one of them prevents a requesting spouse from qualifying for the relief offered therein. Alt v. Commissioner, 119 T.C. 306, 313 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

Respondent argues that petitioner is not entitled to relief from joint and several liability for understatements arising from the improper dependency exemption deduction, ACTC, or EIC because those deficiencies do not meet the requirements of section 6015(b)(1)(B), that they be "attributable to * * * erroneous items of one individual filing the joint return." Respondent concedes that this requirement is satisfied as applied to the

improper expenses claimed on petitioners' Schedules C, Profit or Loss From Business, for the lawn care business.

Respondent is correct that the understatement related to the dependency exemption deduction cannot be attributed to a single spouse, and therefore petitioner cannot be relieved of joint and several liability for the deficiency related to that item. However, the adjustments to petitioners' ACTC, EIC, and any other credit adjusted on the basis of income are not properly attributed to both spouses. But for the other improper items listed on the return that resulted in an understatement of income, the adjustments to those credits would not have been necessary. Thus the portion of the adjustments to those credits that is related to the improper dependency exemption deduction is attributable to both spouses; the portion related to Mr. Kruse's business expenses is not.

Respondent also contends that petitioner has not satisfied the requirements of section 6015(b)(1)(C) because she knew or should have known about the improper items on their joint return. Taxpayers seeking to prove that they had no knowledge or reason to know of an item giving rise to an understatement of tax must demonstrate, at a minimum, that they have fulfilled a "duty of inquiry" with respect to determining whether their correct tax liability was reported on the return for the year for which they seek relief. Stevens v. Commissioner, 872 F.2d 1499, 1505 (11th

Cir. 1989), affg. T.C. Memo. 1988-63. When taxpayers fail to fulfill their duty of inquiry, they are ordinarily charged with constructive knowledge of any understatements on their returns. See Hayman v. Commissioner, 992 F.2d 1256, 1262 (2d Cir. 1993), affg. T.C. Memo. 1992-228; Cohen v. Commissioner, T.C. Memo. 1987-537 (noting that the provisions providing relief from joint and several liability are "designed to protect the innocent, not the intentionally ignorant").

Petitioner admits that she did not closely inspect the returns before signing them. If she had given the returns even a cursory examination she would have been alerted to some of the questionable items, including the misstatement of her oldest child's date of birth. Moreover, although she stated that she believed the minimal income her husband claimed from his business to be accurate, the financial circumstances of her family would indicate that this was not a reasonable belief. Petitioner received at least $410 from her husband each month to pay the rent on her apartment and supplement her income while she was living outside Florida. In 2003, however, petitioners reported just $6,045 in income (approximately $500 per month) from the lawn care business, and no significant additional income or wages earned by Mr. Kruse. Absent substantial savings this would leave less than $100 per month for Mr. Kruse's living expenses. The record does not indicate how much money Mr. Kruse sent to

petitioner in 2004; but even if we disregard those payments, the income claimed in 2003 and the $16,293 claimed as business income in 2004 were sufficiently small relative to petitioners' financial situation to have alerted petitioner to the inaccurate deductions.  Petitioner has not satisfied her burden here, and is not entitled to relief under section 6015(b).

Section 6015(c) Analysis

Section 6015(c) allows a taxpayer who is eligible and so elects, to limit his or her liability to the portion of a deficiency that is properly allocable to the taxpayer as provided in section 6015(d).  Sec. 6015(c)(1).  Under section 6015(d)(3)(A), generally, any items that give rise to a deficiency on a joint return shall be allocated to the individual filing the return in the same manner as they would have been allocated if the individual had filed a separate return for the taxable year.  An election under this subsection, however, is available only when taxpayers who filed jointly are (1) no longer married or are legally separated; or (2) are no longer members of the same household.  Sec. 6015(c)(3)(A)(i).  The regulations under section 6015(c) provide that

> A husband and wife who reside in two separate dwellings are
> considered members of the same household if the spouses are
> not estranged or one spouse is temporarily absent from the
> other's household * * *.

Sec. 1.6015-3(b)(3)(ii), Income Tax Regs.

A spouse is considered to be temporarily absent from the household if:

> [I]t is reasonable to assume that the absent spouse will return to the household, and the household * * * is maintained in anticipation of such return.  Examples of temporary absences may include, but are not limited to, absence due to * * *  illness * * *.

Sec. 1.6015-3(b)(3)(i), Income Tax Regs.

Throughout the years in question petitioners remained legally married, and respondent argues that petitioners remained part of the same household.  Although they lived apart, petitioner does not contend that she had any intention other than to remain only temporarily absent from their home in Florida.  In fact, she lived out of State for health reasons, a circumstance the regulations specifically contemplate to be a mere temporary absence.  Although petitioners argue they maintained separate bank accounts, their finances remained enmeshed and petitioner received regular monetary assistance from her husband.  She returned to their Florida home approximately three times per year, and in 2008, her health improved and she returned to live there full time.  Because petitioners remained married and part of the same household throughout the years in question, petitioner does not meet the requirements to make an election under section 6015(c) and is therefore not entitled to relief under that section.

Section 6015(f) Analysis

Section 6015(f) provides an additional opportunity for relief to those taxpayers who do not otherwise meet the requirements of subsection (b) or (c) of section 6015. Specifically, section 6015(f) gives the Commissioner the discretion to grant equitable relief from joint and several liability if "taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either)".

We have jurisdiction to review respondent's denial of petitioner's request for equitable relief under section 6015(f). See sec. 6015(e)(1). We apply a de novo standard of review as well as a de novo scope of review. Porter v. Commissioner, 132 T.C. 203, 210 (2009). The requesting spouse bears the burden of proof. Id.

As directed by section 6015(f), the Commissioner has prescribed procedures to use in determining whether a taxpayer qualifies for relief from joint and several liability. These procedures are set forth in Rev. Proc. 2003-61, supra. Rev. Proc. 2003-61 sec. 4.01, 2003-2 C.B. at 297, lists seven conditions (threshold conditions) that must be satisfied before the Commissioner will consider a request for relief under section 6015(f). Among these conditions is that the item in question be

attributable only to the spouse not seeking relief from joint liability, unless one of four exceptions applies.

With regard to the disallowed dependency exemption deduction, respondent concedes that petitioner meets six of the seven threshold requirements but contends that she fails to meet the requirement that the understatement arising from the item be attributable only to Mr. Kruse. As discussed above, the understatement related to the dependency exemption deduction is attributable to both spouses; likewise, the portion of the adjustments to the disallowed credits attributable to the disallowed dependency exemption deduction is attributable to petitioners jointly. The exceptions do not apply.

Respondent further concedes that petitioner meets the seven threshold requirements as they relate to the disallowed Schedule C expenses. Though respondent argues otherwise, as under 6015(b) the proportional amount of the disallowed ACTC and EIC that corresponds to those particular deductions is also attributable to Mr. Kruse alone and therefore satisfies the threshold requirements.

When a requesting spouse seeks relief from an understatement of income, if the threshold requirements are satisfied the Commissioner will consider the following nonexhaustive list of six factors weighing in favor of granting relief for the liability: (1) Whether the requesting spouse is separated or

divorced from the nonrequesting spouse (temporary absences due to illness are not considered separation if it can reasonably be expected that the absent spouse will return); (2) whether the requesting spouse knew or had reason to know of the item giving rise to the deficiency; (3) whether the requesting spouse would suffer economic hardship if not granted relief; (4) whether the nonrequesting spouse has a legal obligation to pay the outstanding tax liability; (5) whether the requesting spouse received a significant benefit from nonpayment of the tax liability; (6) whether the requesting spouse has made a good-faith effort to comply with the tax laws for the tax years following the year to which the request for such relief relates. Rev. Proc. 2003-61, sec. 4.03(2)(a), 2003-2 C.B. at 298. In addition, if present, evidence of abuse of the requesting spouse by the nonrequesting spouse or the poor mental or physical health of the requesting spouse will weigh in favor of relief from liability. Rev. Proc. 2003-61, sec. 4.03(2)(b), 2003-2 C.B. at 299.

Petitioner has presented little evidence that would justify relief from liability. As discussed above, petitioners' separate living arrangement was only temporary, and petitioner should have known about the erroneous deductions. When asked about the potential for economic hardship absent relief, petitioner stated she and her husband were "having a hard time making ends meet

right now," but offered no further evidence that her liability would cause undue financial strain.  Petitioner has not presented any evidence necessary to apply the additional factors of spousal abuse or poor health.  The health problems that led her to live outside Florida do not justify relieving her of liability because there is no indication that her health problems prevented meaningful review of the returns.

The record does indicate some facts favorable to petitioner; namely, that she did not receive any significant benefit from the improper deductions and that she has been in compliance with tax laws in subsequent years.  However, the totality of the circumstances in this case does not justify equitable relief under section 6015(f).

We have considered the arguments of the parties not specifically addressed in this opinion.  They are either without merit or irrelevant to our decision.  We hold that petitioner is not entitled to relief from joint and several liability under section 6015.

Decision will be entered for respondent consistent with the stipulation.